EDITH M. FRANKLIN and Another, Plaintiffs, *v.* CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Defendant.

First Department, January 29, 1932.

*David Kassel* of counsel [*Harry J. Chelimer* with him on the brief; *David Kassel*, attorney], for the plaintiffs.

*Cornell S. Dikeman* of counsel [*Kaye, McDavitt & Scholer*, attorneys], for the defendant.

MARTIN, J. The plaintiffs, who are husband and wife, as grantors, on October 1, 1927, duly executed a trust agreement designating the Chatham Phenix National Bank and Trust Company as trustee. At the time of the execution of the agreement the plaintiffs delivered to the trustee certain securities which it accepted and immediately entered upon the discharge of its duties under the trust agreement.

The plaintiffs now wish to revoke the trust agreement. The sole question here for consideration is whether it is revocable. Attached to the stipulation of facts as Exhibit " A " is the agreement. Exhibit " B " is a revocation thereof and a written consent thereto signed by the plaintiffs.

The defendant has refused to consent to the revocation, contending that the agreement is not revocable by the grantors because there are other persons beneficially interested in the trust. The stipulation of facts states that there are now living three children of the plaintiffs, aged two, four and six years, respectively.

The trust agreement provides that the income of the trust shall be divided into two equal parts which are to be disposed of as follows: " One part thereof for the use and benefit of Edith M. Franklin, one of the grantors, and the other part thereof for the use and benefit of Albert W. Franklin, the other grantor.

" To collect and receive the income derived from each of said funds, and pay the same to the said respective beneficiaries from time to time in semi-annual or quarterly installments as may be desired by the beneficiaries during the period hereinafter mentioned."

The agreement then provides that the trusts shall be created for a period of ten years, subject to the prior demise of one or both of the grantors, with an option to renew it for a further period of ten years. If either of the beneficiaries dies during the term of the trust, then the income is to be paid to the surviving beneficiary and at the expiration of the trust period the principal is to be divided, one-half to be paid to the surviving beneficiary and the

other half to the estate of the deceased beneficiary. If both die before the expiration of the trust period, then their respective shares are to be paid to their estates.

It is the contention of the plaintiffs that they are the only named beneficiaries and the only persons beneficially interested in the trust; that in the event of the death of either or both of them, since they have retained the power to dispose of their estates by will and their respective shares are to be paid to their estates, no beneficial interest in the trust has been created for their children or any other person.

The defendant contends that the issue born to the plaintiffs and now living are beneficially interested within the meaning of section 23 of the Personal Property Law (added by Laws of 1909, chap. 247), and since their consent to the revocation was not and cannot, because of their infancy, be obtained, the futility of the attempted revocation is obvious.

The fact that the trust by its terms is declared to be irrevocable does not prevent the plaintiffs from revoking it. Section 23 of the Personal Property Law provides that where all the parties interested in a trust agreement consent to a revocation, it may be revoked. (*Schwartz* v. *Fulton Trust Co.*, 119 Misc. 831; *Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706.)

In this case the only persons having a beneficial interest are the plaintiffs herein. They have a right to revoke the trust. The contention that the three children now living are beneficially interested is not sustained by the provisions of the trust agreement or the decisions on this subject.

In *Whittemore* v. *Equitable Trust Co.* (162 App. Div. 607) the court said: " It is quite evident, I think, that the plaintiff did not intend by this deed of trust to give those who will be her next of kin at the time of her death a present beneficial interest in the property. She merely intended to turn over the management of her securities to the trust company for her own benefit and to relieve her of the responsibility of looking after them, collecting the income, selling when advisable, and reinvesting." (See, also, *Hoskin* v. *Long Island Loan & Trust Co.*, 139 App. Div. 258; affd., 203 N. Y. 588; *Sperry* v. *Farmers' Loan & Trust Co.*, 154 App. Div. 447.)

It is apparent from an examination of this trust agreement that the children of the plaintiffs or other persons now unknown or not yet in being, have absolutely no beneficial interest in the trust fund, since the entire income is to be paid directly to the plaintiffs and at the end of the trust period the principal thereof is to be turned over to plaintiffs. It is only in the event of the

death of either or both parties to the agreement before the expiration of the trust period that there is a possibility of an interest in the trust fund being created in persons other than the plaintiffs. In that event, it has been provided that the share of the deceased shall be paid into his or her estate and each of the plaintiffs has retained the absolute right to dispose of his or her share by will. This appears to be a complete answer to the contention of the defendant that the children of the plaintiff have such an interest in the trust that they must join in a revocation thereof.

It follows that the trust agreement is revocable and that the plaintiffs are entitled to have judgment.

FINCH, P. J., McAVOY, O'MALLEY and TOWNLEY, JJ., concur.

Judgment directed for plaintiffs. Settle order on notice.