ALFRED J. KUNTZE and Another, Respondents, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Another, Appellants.*

First Department, June 29, 1934.

* Affd., 265 N. Y. 669.

*Milton Gould* of counsel [*Leopold Spitz*, attorney], for the appellants.

*John H. Mariano*, for the respondents.

UNTERMYER, J. The trust agreement, the revocation of which the plaintiffs seek in this action, is for a term of ten years. It provides for the payment of the income to the donor's mother during the period of the trust. If the donor's mother predeceases him during that period, the trust terminates and the principal, together with any accrued income, is to be paid to the donor. If the donor dies before his mother and without issue during the term of the trust the principal is to be " divided equally, share and share alike, between donor's mother and donor's wife." On account of this provision the trustee rejected notice of revocation executed only by the donor and his mother, who are the plaintiffs in this action and who claim to be the only persons " beneficially interested " in the trust within the meaning of section 23 of the Personal Property Law.

The provision whereby, upon the death of the donor without issue during the trust term, the corpus of the trust is to be equally divided between the donor's mother and his wife, makes the donor's wife a person " beneficially interested " in the trust whose consent to revocation is required by section 23 of the Personal Property Law. The donor did more than establish a trust during the life of his mother. He made provision for his wife in case he should predecease his mother before the expiration of the term of the trust. Although the wife's interest is postponed until the occurrence of that contingency — a contingency which, it is true, may never be realized — it constitutes none the less an interest in the principal of the trust. (*Nellis* v. *Nellis*, 99 N. Y. 505.) Upon the creation of the trust the wife acquired instantly " a vested right to a contingent estate " (Chaplin Suspension of Power of Alienation [3d ed.], § 196) which would vest in possession upon the happening of the contingency. If the donor should now die, his mother being still alive and there being no issue, the wife would immediately be entitled to one-half of the principal of the trust. That right constitutes an existing beneficial interest of which she cannot be divested without her consent. (*Cazzani* v. *Title Guarantee & Trust Co.*, 175 App. Div. 369; affd., 220 N. Y. 683.) Indeed, in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) the consent of persons entitled to a more remote and uncertain interest was held to be necessary to the revocation of the trust.

The decisions relied on by the justice at Special Term (*Franklin* v. *Chatham Phenix National Bank & Trust Co.*, 234 App Div. 369; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 id. 170; affd., 260 N. Y. 539 and *Stella* v. *N. Y. Trust Co.*, 224 App. Div. 50) are readily distinguishable. The interest asserted in each of those cases consisted of a possible interest in the estate of the donor by appointment or as next of kin. Since, of course, a living person has neither estate nor next of kin (*Doctor* v. *Hughes*, 225 N. Y. 305; *Stella* v. *N. Y. Trust Co.*, *supra*) who have any present interest in his property, there were no existing persons " beneficially interested " in the trust. A present gift of a contingent interest is to be distinguished from a mere hope of succession.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted.

FINCH, P. J., and O'MALLEY, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

MERRELL, J. (dissenting). Plaintiffs bring this action to obtain judgment revoking a trust agreement executed by the plaintiff Alfred J. Kuntze, as donor, to the plaintiff Annie Kuntze, as donee. The trust agreement was executed on February 6, 1929, and therein the donor, Alfred J. Kuntze, granted and set over unto the National Bank of Commerce, New York city, bonds of various corporations aggregating at their face value $5,000, the same to be held by said trustee in trust for the period of ten years from the date of the trust agreement, which bore date February 4, 1929, unless sooner terminated by the donor's death or the death of the donor's mother, Annie Kuntze, the beneficiary under said trust agreement, during the said period of ten years. The trust agreement provided that the trustee should during the period of the trust, receive, hold, manage and invest the said trust property and securities, and collect and receive the rents, issues and income therefrom and, after payment of commissions to the trustee and proper and necessary expenses in connection with the administration of the trust, pay such income in quarterly installments to the said Annie Kuntze, the donor's mother, for and during the period of said trust. The trust agreement further provided that at the expiration of ten years, to wit, on February 4, 1939, or in the event of the death of the donor's mother, Annie Kuntze, prior thereto, then in such event and provided the donor shall then be living, the principal of said trust estate, together with the unpaid accrued income thereon, should be paid over and redelivered to the donor, Alfred J. Kuntze. The agreement further provided that in the event of the donor's

death prior to the termination of the trust, then the trust estate should terminate as if the date of the donor's death were the date fixed for the period and time limitation of the trust estate therein created, and that the principal of said trust, together with the accrued income thereon, should thereupon be paid over:

(a) If at the time of the donor's death there shall be lawful issue of the donor's blood then surviving, the said trust estate and unpaid income should be equally divided, share and share alike, among such lawful issue.

(b) If at the time of the donor's death there shall be no lawful issue of the donor's blood then surviving, but there shall then be donor's lawful widow born prior to the date of the trust indenture and donor's mother then surviving, then and in such event, the accrued unpaid income, if any, shall be paid over to donor's mother, Annie Kuntze, and the principal of the trust estate divided equally between the donor's mother and the donor's wife.

(c) In the event that at the time of donor's death there shall be no lawful issue of donor's blood or lawful widow born prior to the date of the trust agreement then surviving, the entire principal of the trust estate, together with unpaid accrued income, was to be paid over to the donor's mother, Annie Kuntze.

While it was provided in the trust indenture that the trust should be irrevocable during said period of ten years, nevertheless, by an instrument in writing, duly executed and acknowledged both by the donor and the donee, plaintiffs herein, on December 27, 1933, nearly five years after the creation of the trust, the said donor and donee, in writing duly acknowledged, declared and directed that said trust be forthwith determined and revoked. The donor has no issue, but his wife is still living. His wife did not sign the declaration of revocation.

The only question raised by the defendants is as to whether or not the wife is beneficially interested in said trust. Section 23 of the Personal Property Law provides that there may be a revocation of a trust " upon the written consent of all the persons beneficially interested in a trust." The sole question upon this appeal is whether the wife of the donor has such beneficial interest in the trust estate as made it necessary to obtain her consent before the trust might be revoked. The court below held, under the authority of *Franklin* v. *Chatham Phenix National Bank & Trust Co.* (234 App. Div. 369), that the wife of the donor was not a person beneficially interested in said estate, and that, therefore, her consent was unnecessary. In *Franklin* v. *Chatham Phenix National Bank & Trust Co.*, upon which the court at Special Term relied, two grantors created a trust fund of personal property, the income from which was to go equally

to the two grantors. The trust was to terminate at the end of ten years, subject, however, to the prior decease of either grantor, when it then was to become a part of the estate of the deceased after said ten-year period. In that case the court held that the children of the grantors had an expectancy only. In *Berlenbach* v. *Chemical Bank & Trust Co.* (235 App. Div. 170; affd., 260 N. Y. 539) a deed of trust was involved which provided for the payment of income to the grantor for life, but not exceeding twenty years, with payment to grantor, if living, at the expiration of the term, and if the grantor should die prior thereto, then the principal was to go to his legatees or next of kin. The court held in that case that the grantor's wife and child were not beneficially interested within the meaning of section 23 of the Personal Property Law, as they had merely an expectancy. I do not see any distinction between these cases and the situation presented in the case at bar. I think the complaint was sufficient, and that the wife's consent to the revocation was unnecessary; that, at most, she held an estate in expectancy and was not within the provisions of section 23 of the Personal Property Law, a person beneficially interested in the trust.

The order appealed from was right, and should be affirmed, with twenty dollars costs and disbursements to the plaintiffs, respondents, against defendants, appellants.

MARTIN, J., concurs.

Order reversed, with twenty dollars costs and disbursements, and motion granted.