KATHARINE W. HOPKINS, Plaintiff, *v.* BANK OF NEW YORK, Formerly BANK OF NEW YORK AND TRUST COMPANY, as Trustee of a Trust Created by KATHARINE W. HOPKINS, by Indenture Dated June 9, 1923, Defendant.

First Department, March 11, 1941.

*William C. Mayer*, for the plaintiff.

*John L. Merrill, Jr.*, of counsel [*Richard S. Emmet* with him on the brief; *Emmet, Marvin & Martin*, attorneys], for the defendant.

CALLAHAN, J. The question involved herein is whether an *inter vivos* agreement of trust, wherein plaintiff transferred certain property to defendant, as trustee, is revocable under section 23 of the Personal Property Law, upon the consent of plaintiff and her brother. The brother joined in the consent on the theory that he was plaintiff's only next of kin at the time of the attempted revocation.

The determination of the question presented involves the familiar, but sometimes difficult problem as to whether the trust indenture created a reversion in the settlor, or a remainder in the persons referred to as her next of kin.

The trust instrument was executed in 1923. It transferred to defendant, in trust, certain specified securities and cash, and all the right, title and interest of the plaintiff in the estate of her father. By its terms it was irrevocable. The trustee was to collect the income and to pay the same over to the settlor during her life, and upon her death to pay the principal to such persons as the settlor might direct or appoint by her will; and, in the event of her failure to so direct or appoint in her will, to distribute the same to such person or persons as might be entitled under the will to receive her residuary estate. In case the settlor died intestate the defendant was to pay over and distribute the principal to such person or persons who, under the laws of the State of New York, would then be the next of kin of the settlor.

The trust indenture described the settlor as being domiciled in the State of Connecticut.

At the time of the execution of the trust indenture, the estate of settlor's father, whose will had been probated in New York, included a vested remainder in his mother's estate which, in turn, included several parcels of real estate in Connecticut, and also the proceeds of the sale of some Connecticut and New York real estate. Before the attempted revocation, all the real estate had been sold and the proceeds converted into cash.

We hold that the plaintiff may not revoke the present trust without the consent of all those who might be her next of kin under the laws of New York at the time of her death. We do so because we construe the indenture to create a gift in remainder to those persons.

The ultimate question in cases of this sort is one of construction. The court must attempt to ascertain from the instrument the

intention of the settlor of the trust. Ordinarily a reservation to the heirs of the grantor is said to be equivalent to the reservation of a reversion to the grantor himself. (*Doctor* v. *Hughes*, 225 N. Y. 305.) But this rule is said to be no more than a *prima facie* precept of construction which serves to indicate the intent of the author when the interpretation of the writing is not otherwise plain. (*Engel* v. *Guaranty Trust Co.*, 280 N. Y. 43.) Where the sole provision which the trust agreement makes for the control of the principal by the settlor is the retention of the power of testamentary disposition, this has been said to be some indication that a gift of a remainder was intended. (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *Engel* v. *Guaranty Trust Co.*, *supra*.) However, it is to be noted that in most, if not all of the cases which held that a remainder was created, an intervening life estate was created preceding the estate limited to the settlor's heirs.

In the present case the settlor gave nothing to any one other than to her trustee and to herself, with the provision for an estate to her next of kin in the event of intestacy. But we have a significant circumstance in the present instrument not found in the instruments in the cases cited, which clearly indicates an intent to create a remainder. This circumstance is that the settlor in referring to those who would receive the principal in the event of intestacy described them as the person or persons who would be her next of kin under the laws of the State of New York. As we have already stated, the settlor was domiciled in Connecticut. Therefore, in referring to such beneficiaries she was not merely adding words of limitation, or describing a class who would take by succession as her rightful heirs in any event; rather she was arbitrarily designating as next of kin those who would not ordinarily take by succession. This is so because the next of kin of one domiciled in Connecticut might differ from those who would be in that class under the laws of the State of New York. It is clear, therefore, that the words "next of kin" were not used merely *descriptio personarum*, but to designate a class to whom a gift by purchase was intended.

It will serve no useful purpose to attempt to review the numerous cases which cast varying shades of light on this interesting problem. The circumstance which we have referred to above sufficiently distinguishes this case from any of the earlier cases.

The fact that the brother of the settlor has joined in the consent is of no assistance in the attempt to revoke. When a remainder is created in the next of kin consents by those who would be next of kin at the time of the attempted revocation are insufficient. (*Schoellkopf* v. *Marine Trust Co.*, 267 N. Y. 358; *Engel* v. *Guaranty*

*Trust Co., supra.*)    All who might by survival or other event become members of the class entitled to the remainder at the time of the settlor's death have a beneficial interest in the trust under such circumstances; and this interest may not be destroyed without the consent of these persons.

Having found that the consents offered would be insufficient, even if the estate consisted wholly of personal property, it becomes unnecessary for us to decide what effect, if any, should be given to the fact that this trust originally embraced real property in Connecticut, and now embraces the proceeds of the sales of such property.

Judgment is rendered for the defendant, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment unanimously directed in favor of the defendant, with costs.    Settle order on notice.