PIERRE L. WILLIS, Plaintiff, *v.* RUBY C. WILLIS and BANKERS TRUST COMPANY, as Trustee under Agreement Dated December 28, 1927, Defendants.

First Department, April 9, 1943.

*Pierre L. Willis*, plaintiff in person.

*Frank H. Twyeffort* of counsel (*Twyeffort & Du Bois*, attorneys), for defendant Ruby C. Willis.

*Henry DeLand Strack* of counsel (*White & Case*, attorneys), for defendant Bankers Trust Company, as trustee.

DORE, J. The issue on this submission of controversy under Civil Practice Act, sections 546-548, is whether the settlors of a trust created as part of a separation agreement may revoke the trust pursuant to Personal Property Law, section 23.

In 1927, plaintiff Pierre L. Willis (hereinafter referred to as the "Husband") and defendant Ruby C. Willis (hereinafter, the "Wife"), both at the time being residents of New Rochelle, New York, entered into a separation agreement providing *inter alia* for the Wife's support during her life or until her remarriage, and as part of that agreement the parties created the trust before us. Thereafter they were divorced and the terms of the agreement incorporated in the divorce decree. The Wife did not remarry and at the time of the claimed revocation of the trust was a resident of California. The Husband remarried, and by his second marriage has two children, both infants, who reside with him in Florida.

By the terms of the trust deed, the Husband and the Wife, as settlors, transferred to the trustee various assets including the former family home owned one-half by each, and certain stock and mortgages, to hold the same "during the life or until the remarriage of the Wife;" to pay to the Wife from the net income $3,000 a year and one-half of the expense of the home up to $600 a year, and to pay over any balance to the Husband; and upon "the remarriage or death of the Wife," to convey one-half interest in the land and buildings constituting the former home "to the Wife, if living, or if dead" to such person as she may appoint by her will, and in default thereof to "her heirs (unless said land with buildings shall have been previously disposed of), and all the trust fund (including the other half of said land with buildings, if undisposed of) to the Husband, if living, or if dead, as directed" by his last will, and in default

thereof, " to his heirs and next of kin." The trust deed also provided that the Wife, " subject to the terms and conditions of the trust * * * has an undivided one-half interest in the land with buildings thereon * * * referred to as the residence of the Wife."

Because economic conditions made impossible the fulfillment of the purpose of the agreement, the two settlors, by an instrument in writing dated August 28, 1942, revoked the trust, and provided for the distribution of the assets, subject to the approval of this court.

As the deed of trust did not reserve a power to revoke, the trust may be revoked under the provisions of Personal Property Law, section 23, only on the written consent of all persons " beneficially interested." Plaintiff contends that the settlors are such; the trustee contends that the contingent disposition to heirs and next of kin created a remainder and not a reversion, and that the trust may not be revoked on the consent of the original settlors alone.

It is often difficult to determine the line differentiating a reversion from a remainder, and it is futile to cite other cases in which the terms, intent, and purpose of the trusts are different from the instrument under consideration. This trust deed was essentially a marriage settlement for the support of the former wife of this plaintiff until her remarriage or death. The settlors, the persons who owned and put into the trust fund all the property constituting the corpus, also reserved for themselves alone the entire income therefrom and provided for complete termination of the trust on the Wife's remarriage and reversion of the entire corpus to the settlors and to no one else. In reason and common sense, it cannot be said there was any intention of creating property interests for the benefit of others. Even if the deed ended on the death of the Wife instead of her remarriage, a reversion and not a remainder was created, as ordinarily a reservation to the heirs of a grantor is the equivalent of a reversion to the grantor. (*Doctor* v. *Hughes*, 225 N. Y. 305.)

In *Bankers Trust Co.* v. *Willis* (248 App. Div. 753), in a previous proceeding for a construction of this very trust and an accounting, the Second Department expressly held that the heirs and next of kin " have no interest in the trust fund," and denied them costs; and further held that the trust agreement provided upon the wife's death or remarriage " the reversion of the trust property."

While the deed provides that the " agreement " shall be construed under the laws of the State of New York, of which at the time of making both parties were resident, there are no provisions that if the Wife or Husband die intestate, the trust property should be distributed according to the laws of intestacy of the State of New York or of any other specified State, and these facts distinguish the present case from *Hopkins* v. *Bank of New York* (261 App. Div. 465) and *Minc* v. *Chase National Bank* (263 App. Div 141).

The document before us was basically a separation agreement to provide support for the then Wife of plaintiff until her remarriage or death and that should be controlling in determining the intent of the parties.

Judgment should be awarded in favor of the plaintiff Pierre L. Willis and the defendant Ruby C. Willis that the trust has been legally terminated, without costs.

MARTIN, P. J., TOWNLEY and GLENNON, JJ., concur.

Judgment unanimously directed in favor of the plaintiff Pierre L. Willis and the defendant Ruby C. Willis that the trust has been legally terminated, without costs. Settle order on notice.