William C. Hecht, J.
In this proceeding under article 79 of the Civil Practice Act, this court is requested to find that the trust indenture created by the petitioner, as grantor, with Central Union Trust Company of New York, as trustee, on March 1, 1927, was effectively and completely revoked by the petitioner under section 23 of the Personal Property Law, by virtue of the execution and delivery to respondent of an instrument of revocation executed by her under date of December 6, 1957.
By its express terms the settlor assigned, transferred and conveyed certain bonds to the trustee for “ the term of her natural life ”, reserving only the income to herself. The power to revoke the trust, if it exists, is by virtue of section 23 of the Personal Property Law, and not by virtue of any express provision in the trust indenture.
By the instrument entitled “Revocation of Trust”, the trustee is directed to reconvey the trust corpus to her, and the trustee has declined to act on this direction for, prima facie, ‘ ‘ all the persons beneficially interested in a trust ’ ’ have not consented to its revocation, as required by section 23 of the Personal Property Law. The settlor, Elsie A. Decker, is the only one beneficially interested in the income of the trust, but at her death the trust corpus is to be paid outright:
(a) “to whomever the said Elsie A. Decker, the grantor herein, shall designate in her Last Will and Testament,
or
(b) ‘ ‘ if she fail to leave a Last Will and Testament, then to the next of kin of said Elsie A. Decker.”
Whether Mrs. Decker will die testate or intestate is a fact that can be established only at her death. It is also self-evident that only at Mrs. Decker’s death will it be possible to ascertain the persons who, as her next of kin, will then qualify as distributees of the trust corpus, and this is so regardless of the life expectancies and degrees of kinship of those who now presumptively will be her surviving next of kin.
Had Mrs. Decker created this trust after September 1, 1951, then by statute she would now be deemed to be the only person interested and she would unquestionably have the right to revoke it. Section 23 of the Personal Property Law, by amendment effective September 1, 1951, provides that: “ For the purposes of this section, a gift or limitation, contained in a trust created on or after September first, nineteen hundred fifty- *123 one, in favor of a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import, does not create a beneficial interest in such persons.”
This amendment, however, is not retroactive, and to determine the question now presented it is necessary to ascertain the persons beneficially interested in the trust, without reference to the amendment. If Mrs. Decker, by the words she employed in the trust indenture, has retained the “ reversion ” of the trust corpus for herself, then she is the only person beneficially interested in the trust and her revocation must be given effect. On the other hand, if her intention, as a matter of law, was to create remainder interests for those persons who will be her next of kin at her death, then her attempted revocation of the trust has no validity; the consents of the remaindermen are required by statute to bring about a revocation of the trust and, as previously noted, the remaindermen cannot be ascertained until the settlor’s death.
The tests to be applied to determine whether the particular language of an indenture is to be considered a “ reversion ” or a “ remainder ” were stated by the Court of Appeals in Richardson v. Richardson (298 N. Y. 135). The court (p. 144) set forth the following four factors to be considered:
(1) A full and formal disposition of the principal of the trust property;
(2) No reservation of a power to grant or assign an interest in the property during the grantor’s lifetime;
(3) Surrender of all control over the trust property except the power to make testamentary disposition thereof; and
(4) No provision for the return of any part of the principal to the grantor during her lifetime.
If, upon analysis, it is evident that any one or more of these factors is absent from the trust indenture, there is room to doubt that the grantor intended to vest remainder interests in her next of kin. Conversely, if all four are to be found in the Decker trust indenture, then as a conclusion of law she has created such remainder interests.
Analysis of the trust indenture reveals compliance with factor (1) (supra). The transfer of the trust property to the trustees was made by formal written instrument, the validity of which is not questioned, and, so far as the settlor is concerned, it was a full disposition of the property. The trustee is directed to hold it for the duration of her life and then to distribute it either to her testamentary appointees or to her next of kin. The only interest retained by the settlor in the *124 trust principal is the power to divest her next of kin and, instead, cause the principal to be paid outright “ to whomever the said Elsie A. Decker, the grantor herein, shall designate in her Last Will and Testament.”
As to factor (2) (supra), it is clear that the only power reserved by the settlor in the principal is the power to appoint it by will — one that, if exercised, will take effect only after the trust has been terminated by the settlor’s death. There is no reserved right to assign any interest in the trust corpus or to appoint it by deed or by any other inter vivos instrument.
Proceeding to the consideration of the applicability of factor (3) (supra), to the indenture, we find that throughout it is consistent in all respects with an intention on the part of the settlor to divest herself completely of the trust principal and of all responsibility for its administration and conservation.
Finally, considering factor (4) (supra), it appears that the trust indenture does not permit any withdrawals of principal by the settlor, nor is the trustee given any power, discretionary or otherwise, to invade principal for her benefit. Nor is there any provision for specified remittances to the settlor out of the income to the extent available and from principal to the extent that the income should prove insufficient. Nor' is there any provision for a termination of the trust by the settlor prior to her death or any contingency under which the settlor or anyone else can cause the property to revest in her, nor is there any conditional or other limitation that would automatically bring the trust to an end before the settlor’s death.
It must be concluded that petitioner intended to create a remainder in her next of kin, rather than a reversion in herself. It is not the possibility that persons yet unborn may prove to be the settlor’s next of kin at her death that prevents a revocation of the trust under section 23 of the Personal Property Law, for persons yet unborn are not “ beneficially interested ” within the purview of the statute; it is the impossibility of determining now who will actually be the settlor’s next of kin at her death. The application is, accordingly, denied. Settle order.