William C. Hecht, Jr., J.
In connection with the settlement of the order herein, petitioner points out that I overlooked the statement in her verified supplemental petition, that she had caused her instrument of revocation to be delivered to her mother and father (the trustees under the 1960 trust deed) by the mailing of a duplicate original thereof to them, by registered mail, addressed to them at their residence, Twin Elms, Doubling Road, Greenwich, Connecticut. This sworn statement satisfies the requirement of service on the trustees which is implied in section 23 of the Personal Property Law and section 118 of the Real Property Law. The opinion of May 26 (28 Misc 2d 1025) will therefore be deemed amended to state that the only issue of fact to be determined, if the order entered thereon be affirmed, is whether petitioner lacked capacity to execute the 1961 revocation.
Petitioner submitted an affidavit in support of a request that the order direct the trustees to pay her $5,000 out of the presently accumulated income, and thereafter to pay to her quarterly the income from April 1,1961 as it accrues.
*1031 This request is based on the provision in the 1960 trust deed that the trustees shall pay to her “ such amounts as the Trustees in their sole discretion shall consider necessary or advisable for her comfortable maintenance and welfare, including reasonable luxuries, taking into consideration her other income and resources known to the Trustees ”. It is also based upon the terms of the 1946 trust instrument.
The court cannot consider any application based on the 1946 instrument until it is determined whether it has been superseded by the 1960 trust deed, or whether the latter in turn has been properly revoked by the 1961 instrument.
However, petitioner is not precluded from asserting the foregoing claim to relief under the 1960 trust deed despite the fact that the issue is still undetermined as to whether that deed was revoked, since the relief sought is less than what she would obtain if the revocation were upheld and the 1946 instrument reinstated.
Petitioner, however, has invoked the wrong procedure in asking for such relief under the aegis of settlement of the order on a different application, since respondents have had no opportunity to controvert petitioner’s affidavit or to argue in opposition thereto. Petitioner is at liberty to move for an appropriate intermediate order pursuant to section 1314 of the Civil Practice Act.
In the meantime, the parties should submit corrected orders to carry out the opinion of May 26, as amended herein.