Habold E. Koreman, J.
In May, 1960 Charles A. Simmons, Sr., purported to create an inter vivos trust, the corpus of which was 1,300 shares of voting preferred stock of the Simmons Machine Tool Corporation. Under the terms of the trust indenture Charles A. Simmons, Sr., was the sole settlor, the sole trustee and, during his lifetime, the sole income beneficiary. The indenture provided that after the settlor’s death the income should be paid to his issue in equal shares per stirpes and that upon the death of the survivor of his then living three children the ‘ ‘ Trustee shall distribute the then entire principal thereof to the Settlor’s grandchildren or their issue, in equal shares, per stirpes.”
In July, 1963 the settlor transferred the 1,300 shares of preferred stock to himself and then transferred 1,000 of the shares to his son, Charles A. Simmons, Jr. The settlor paid $13,000, the par value of the stock, into the trust and that sum, plus accrued interest, is the only present asset of the trust. The settlor died on October 8, 1963.
The petitioner herein is a daughter of the settlor, one of the persons to whom the income of the trust was to be paid after settlor’s death and one of five persons named by the settlor to serve as a trustee after his death. Petitioner has not qualified as a trustee and she brings this proceeding in which she seeks *401 an order compelling Charles A. Simmons, Jr., to return to the trustees the preferred shares of stock which were transferred to him, and compelling all of the trustees who have qualified to take such steps as are necessary to compel the return of the preferred stock to the trustees and, further, that the respondents be ordered to render and settle an account of their proceedings as such trustees.
The respondents cross-move to dismiss the petition on the ground that it fails to state a cause of action.
The respondents contend that the trust indenture did not create a valid trust, and that since the sole settlor was the sole trustee as well as the sole beneficiary during his lifetime, he was free to deal with and to dispose of the corpus as he saw fit. On the other hand, petitioner contends that since the trust agreement did not contain the precise language of section 23 of the Personal Property Law as amended in 1951, a beneficial interest was created in remaindermen which passed irrevocably to them and that the settlor by the terms of the trust limited his interest to the use of the income during his lifetime. The words “ issue ” and “ grandchildren or their issue ”, as contained in the trust indenture, petitioner maintains are not words of like import with heirs or next of kin or distributees as provided in section 23 of the Personal Property Law.
The court is not called upon to determine whether or not there was a revocation of the trust by settlor but only whether settlor had the right to revoke under section 23 without the consent of his children and his grandchildren or their issue and would, therefore, be entitled to hold or dispose of the corpus free of trust. Section 23 of the Personal Property Law provides as follows:
“ Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.
“ For the purposes of this section, a gift or limitation, contained in a trust created on or after September first, nineteen hundred fifty-one, in favor of a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import, does not create a beneficial interest in such persons.”
"Whether a gift or limitation was created in favor of a class of persons by words of like import to heirs, next of kin or distributees is to be determined from the intention of the settlor *402 as expressed in the language of the trust agreement. The pertinent provision of the trust indenture, Article First reads as follows: ‘ ‘ The Trustee shall hold, manage, invest and rein- . vest the principal of this trust, shall pay all proper charges and taxes connected therewith, shall collect all the income thereof and shall distribute, annually or at more frequent intervals, ,as the Trustee, in his discretion, shall determine, all of the net income of this trust to the Settlor during his lifetime, and upon his death to his issue in equal shares, per stirpes. This trust shall terminate upon the death of the survivor of Charles A. Simmons, Jr., Helen S. O’Brien, and Marcia S. Warren, (children of the Settlor), whereupon the Trustee shall distribute the then entire principal thereof to the Settlor’s grandchildren or their issue, in equal shares, per stirpes.” The amendment to section 23 of the Personal Property Law was enacted on the recommendation of the Law Revision Commission in order to carry out the legislative policy favoring the easier revocation of inter vivos trusts (Matter of Peabody, 5 N Y 2d 541, 545; Matter of Walsh v. Chase Manhattan Bank, 28 Misc 2d 1025, 1027). The revocability of the trust depends upon a judicial determination whether the trust created a reversion or a remainder, and that determination must be based upon a finding of the intention of the creator of the trust as expressed in the particular trust instrument. (See 1951 Report of H. Y. Law Rev. Comm., pp. 84-86 and cases cited therein.) The language of Article First is clear that after the death of the settlor the income of the trust was to be paid to his issue per stirpes, and upon the death of his last surviving child, the trust was to terminate and the principal distributed to settlor’s grandchildren or their issue per stirpes. While the settlor’s issue, grandchildren and their issue may not in every case be the same persons described in section 23, here there can be little doubt that the trust was created in favor of a class of persons who were in fact his heirs, next of kin or distributees.
Giving a liberal interpretation to the statute to effectuate the legislative policy in the light of the recommendation of the Law Revision Commission, I conclude that the words used here are “ words of like import ” as contemplated in the statute. Consequently, the settlor did not create a beneficial interest in such persons (Matter of Walsh v. Chase Manhattan Bank, supra). He being the sole trustee and the sole beneficiary, the settlor had the right to dispose of the corpus free of any trust duties or obligations. Under the terms of the trust indenture, he retained and reserved to himself all the incidents of ownership of the stock without any separation of the legal and beneficial interest. *403 “ Thus a settlor under New York law who is also the sole beneficiary may, ordinarily, revoke the trust although no power is reserved to do so (Matter of Farrell, 177 Misc. 389) even thoug’h the instrument expressly states that it is irrevocable (Franklin v. Chatham Phenix Nat. Bank & Trust Co., 234 App. Div. 369).” (Matter of Mordecai, 24 Misc 2d 668, 670.)
I conclude, therefore, that the petition fails to state a cause of action and respondents ’ motion to dismiss is granted.