In the Matter of MARCIA WARREN, Appellant, v. ANN CROPSEY et al., Individually and as Trustees Under a Trust Created by Charles A. Simmons, Sr., Respondents.

Third Department, February 29, 1968.

*McChesney & Kenney* (*Thomas V. Kenney* of counsel), for appellant.

*DeGraff, Foy, Conway & Holt-Harris* (*John T. DeGraff* of counsel), for Helen S. O'Brien and another, respondents.

*Cooper, Erving & Savage* (*Eugene P. Devine* of counsel), for Ann Cropsey and another, respondents.

STALEY, JR., J.   This is an appeal from an order of Supreme Court, Greene County, entered on September 6, 1966, which dismissed the petition herein for failure to state a cause of action, and denied petitioner's motion to compel the return of certain preferred stock to an alleged trust. (*Matter of Warren* v. *Cropsey,* 51 Misc 2d 399.)

Charles A. Simmons, Sr., purported to create an *inter vivos* trust in May, 1960, the corpus of which consisted of 1,300 shares of voting preferred stock of the Simmons Machine Tool Corporation, each share having a par value of $10 per share.   The common stock of the corporation is owned in equal proportions by the settlor's three surviving children, and by the issue of a fourth child who predeceased him.

The trust agreement provides that during the lifetime of the settlor, he was to be the sole trustee and sole income beneficiary. The agreement further provides that the trust should continue after his death, and terminate upon the death of the survivor of his three living children at which time the trustee '' shall distribute the entire principal thereof to the Settlor's grandchildren or their issue, in equal shares, per stirpes.'' During the lives of his surviving children after his death, the net income of the trust is payable '' to his issue, in equal shares, per stirpes.'' The settlor appointed his three surviving children as successor trustees, and provided for two additional successor trustees not related to the settlor.

In July, 1963 the settlor transferred the 1,300 shares of preferred stock to himself and paid $13,000, their par value, into the trust. The settlor thereafter transferred 1,000 shares of the preferred stock to his son, Charles A. Simmons, Jr. Settlor died October 8, 1963, and the $13,000, plus interest, is the only present asset of the trust.

Petitioner, a daughter of the settlor, is one of the persons to whom trust income is payable after the settlor's death, and one of five persons he named to serve as successor trustees after his death. Her petition seeks an order compelling Charles A. Simmons, Jr., also one of the successor trustees, to return to the trust the shares of preferred stock transferred to him, and compelling the successor trustees who have qualified to obtain the return of the preferred stock to the trust and to account. Respondents moved to dismiss the petition for failure to state a cause of action.

By the terms of the trust agreement no successor trustee was to be in any way accountable for the previous administration of the trust (art. Third, subd. [d]); the exercise of powers conferred upon the trustee was to be exercised primarily in the interest of the beneficiary and was binding upon all interested parties (art. Third, subd. [e]); and the trustee had the authority and power, in his discretion, to sell or exchange securities '' for such consideration (cash or other), and upon such terms and conditions, as the Trustees shall deem advisable.'' (Art. Fourth, subd. [a].)

The powers and authority reserved by the settlor, as trustee of the trust, indicate an intention to consider the trust property to be subject to his sole control during his lifetime without accountability to any individual whether they be successsor trustees or indicated income or principal beneficiaries.

Special Term granted respondents' motion to dismiss, relying upon section 23 of the Personal Property Law which section was

amended in 1951 to provide as follows: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.

" For the purposes of this section, a gift or limitation, contained in a trust created on or after September first, nineteen hundred fifty-one, in favor of a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import, does not create a beneficial interest in such persons."

Prior to the 1951 amendment to section 23 of the Personal Property Law (L. 1951, ch. 180), where a trust created an interest in the heirs or next of kin of the settlor of the trust in the event of his death intestate, the revocability of such trust depended upon whether or not the trust created a reversion or remainder. The rule as to the nature of a future interest, where an estate was limited to the heirs or next of kin of the settlor, was held to be dependent upon the intention of the settlor as expressed in the trust agreement. However, evidence of such intent was not required to be overwhelming to permit the gift as a remainder to stand. (*Matter of Burchell,* 299 N. Y. 351; *Richardson* v. *Richardson,* 298 N. Y. 135.)

The principal issue on this appeal is whether or not the provision in the trust agreement for the disposition of income and principal after the death of the settlor denotes a class of persons which falls within the description contained in the statute as " a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import ".

The question to be determined is whether the direction for the payment of income and principal to the settlor's " issue, in equal shares, per stirpes " results in a gift to a class of persons within the statute " so as to create a beneficial interest in such persons."

The 1951 report of the Law Revision Commission which recommended the amendment to section 23 of the Personal Property Law in its recommendation of the proposed amendment states as follows:

" Section 23 of the Personal Property Law and section 118 of the Real Property Law evince a public policy in favor of revocability of trusts when the creator of the trust and the persons beneficially interested under it are agreed that it should be terminated. It has been recognized judicially that the policy of

the statutes would be frustrated if revocation were made to depend upon consent of persons yet unborn who may possibly be included in the group of beneficiaries. In the same way, the statute is frustrated by the requirement that consent be obtained from those persons who will be identified as heirs and next of kin when the creator of the trust dies, for until his death they cannot be identified, and upon his death the trust becomes irrevocable in any event.

" The Commission believes that consent of members of a class described in the trust instrument as heirs and next of kin, or as the persons who would take in the event of intestacy, should be dispensed with without regard to the question whether the creator intended the legal result of creating a remainder interest in them. In their capacity of ' distributees-upon-intestacy ' they have no more than an expectancy while he lives, and their own death prior to his, or in many cases the birth of other persons or the marriage of the creator of the trust, will prevent any interest from vesting in them. This uncertainty is inherent in the description of such a group, and exists to the same extent with respect to their inclusion in a class of beneficiaries even where the trust instrument creates a remainder interest in the group." (1951 Report of N. Y. Law Rev. Comm., p. 85.)

The amendment to section 23 of the Personal Property Law was enacted in furtherance of a public policy to make it easier to revoke *inter vivos* trusts, and should be liberally construed. (*Matter of Peabody*, 5 N Y 2d 541; *Matter of Walsh* v. *Chase Manhattan Bank*, 28 Misc 2d 1025.) The present provisions of section 23 negate the creation of a beneficial interest in trust estates in favor of a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import.

The settlor's heirs and next of kin were the identical persons as described in the trust agreement entitled to the payment of income during his children's lifetimes, and to the distribution of the corpus upon the death of his last surviving child.

The trust agreement names the settlor's three children only for the purpose of measuring the duration of the trust as measuring lives after the death of the settlor. The provision for payment of income after the settlor's death is " to his issue in equal shares, per stirpes " and for the payment of principal to his " grandchildren or their issue, in equal shares, per stirpes." The words in the trust agreement are not merely " words of like import " but they are actually " words of identical import." The settlor's " heirs ", " next of kin " and "distributees " were his issue, his grandchildren or their issue.

The provisions of section 83 of the Decedent Estate Law, in effect at the time of the settlor's death, provided that if the decedent left no surviving spouse (which is the situation herein), the whole of his intestate estate " shall descend and be distributed equally to and among the children, and such as legally represent them." (Decedent Estate Law, § 83, subd. 5.) In the case of distributees of unequal degrees of kindred, the section further provides that " the whole shall descend and shall be distributed to those entitled thereto according to their respective stocks ". (Decedent Estate Law, § 83, subd. 9.)

" It is further provided that when used in a statute prescribing the devolution of property rights, unless the statute declares otherwise, the terms ' heirs ', ' heirs at law ', 'next of kin ' and ' distributees ' and any terms of like import must be deemed and construed to mean the distributees, including a surviving spouse, who are defined in § 83 of the Decedent Estate Law, or, in other words, the persons entitled to take as provided by Article 3 of the Decedent Estate Law. The effect of the statute is to substitute the word ' distributees ' as the correct word of art to be employed in lieu of the words ' heirs ', ' heirs at law ', and ' next of kin '. Thus, the term ' distributees ' includes all those entitled to share in the descent and distribution of an intestate's estate under Article 3 of the Decedent Estate Law." (14 N. Y. Jur., Decedents' Estates, § 4.)

While the provisions of the new EPTL, which became effective September 1, 1967, are not applicable to this case, it should be noted that the definition of " distributee " contained in section 1-2.5 of that law provides " A distributee is a person entitled to take a share in the property of a decedent under the statutes governing descent and distribution." (Cf., also, EPTL 1-2.10, 1-2.14, 2-1.1, 2-1.2.)

In the case of *Matter of Walsh* v. *Chase Manhattan Bank* (28 Misc 2d 1025, 1026, *supra*), the question to be determined was whether a deed of trust could be effectively revoked by the settlor alone, which deed of trust provided for distribution of the corpus upon the death of the settlor " to her issue, in equal shares per stirpes "; and if she left no issue " then to such parties in such shares and upon such terms as she shall by her last will and testament appoint, and in the default of such appointment or insofar as such appointment shall be void or fail to take effect, *then to such parties as would be entitled to inherit the same under the laws of intestacy of the State of Connecticut, then in effect.*" The trial court held that the instrument was revocable by the settlor referring to the amendment to section 23 of the Personal Property Law, and the recommendation con-

tained in the 1951 Report of the Law Revision Commission. (N. Y. Legis. Doc., 1951, No. 65[D].)

Giving a liberal interpretation to the statute, the provisions of the trust agreement for the payment of income and principal after the death of the settlor to his " issue, in equal shares, per stirpes " described " distributees " in "words of like import " as contemplated by the statute. There was a failure, therefore, to create any beneficial interest in any remainderman.

Since the settlor was both sole trustee and sole income beneficiary during his lifetime, and having failed to create any beneficial interest in his issue, he was possessed during his lifetime with the absolute right to convey the trust corpus free of trust, and with or without consideration. He, in fact, was the owner of the preferred stock, which was the sole asset of the trust, as a natural person and not as trustee, and he could transfer it to himself or anyone else free of any trust duties or obligations.

Even though a trust agreement contains a provision that it is irrevocable where all parties having a beneficial interest consent to revocation, it may be revoked and, in this case, the only person who had a beneficial interest during his lifetime was the settlor. (*Franklin* v. *Chatham Phenix Nat. Bank & Trust Co.,* 234 App. Div. 369; *Stover* v. *Garber, 25 A D 2d 488.*)

The order should be affirmed, without costs.

AULISI, J. (dissenting). I am constrained to disagree with the majority. The Report of the Law Revision Commission which prompted the amendment of section 23 in 1951 adding the second paragraph of that section, distinguished the situation of gifts in trust to children or issue, which it stated had been satisfactorily resolved by the 1942 holding in *Smith* v. *Title Guar. & Trust Co.* (287 N. Y. 500), " that the trust could be revoked upon consent of the members of such a class then living, even though other members might later be born ". (1951 Report of N. Y. Law Rev. Comm., p. 83.) The commission went on to state that still unresolved was the second problem which " arises where the trust instrument provides that the trust property shall ultimately (either in any event, or upon failure to take effect of some particular provision) be paid over to the persons who would be entitled to the property of the creator of the trust in the event of his death intestate (pp. 83–84). It is my opinion that this makes it clear that the commission had in mind the situation of trust gifts to children or issue, regarded it as having been judicially solved and dealt with a different problem in the proposed amendment. In addition, the commission stated that the recommended amendment " would not be applicable  *  *  *

where the gift or limitation is to a class other than those expressly covered by the statute '' (p. 86).

Such a conclusion seems also apparent from the language of the amendment when read in light of the long-standing distinctions between gifts or transfers to heirs and gifts or transfers to children or issue. Children or issue, unlike heirs, do not include collateral relatives and may be ascertained before the death of the person in question (see, e.g., 2 Scott, Trusts [2d ed.], § 127.1 [1956]).

Moreover, the trust indenture in the instant case expressed two different gifts — income to issue, and later — principal to grandchildren or their issue. Even using a construction equating issue and heirs, as the majority proposes, upon the facts in this case these terms would not include '' grandchildren or their issue ''.

I conclude that the interpretation most consistent with legislative intent, as evidenced by the Law Revision Commission Report and the common law's traditional definitions, is that the limitations herein to '' issue '' and to '' grandchildren or their issue '' are not covered by the phrase '' or * * * words of like import '' in section 23.

The motion to dismiss was improperly granted and there are issues of law and of fact which require a trial.

The order should be reversed.

HERLIHY, J. P., and REYNOLDS, J., concur with STALEY, JR., J.; AULISI, J., dissents and votes to reverse in an opinion in which GABRIELLI, J., concurs.

Order affirmed, without costs.