■ In the Matter of WILLIAM R. MANNING, as Personal Representative of the Estate of DOROTHY M. BAKER, Deceased, Appellant, v GLENS FALLS NATIONAL BANK AND TRUST COMPANY, Respondent. [697 NYS2d 203] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered February 16, 1996 in Warren County, which denied petitioner's application pursuant to EPTL 7-2.6 to remove respondent as the trustee under a certain revocable trust.

By instrument dated June 14, 1989, Dorothy M. Baker, who had recently relocated from the City of Glens Falls, Warren County, to Utah, created a revocable inter vivos trust naming herself as a lifetime income beneficiary and respondent as the sole trustee. Upon her death, the trust was to continue in perpetuity for the benefit of a library in Glens Falls in memory of her deceased husband. On August 5, 1995, Baker sought to amend the trust by substituting the Bank of Utah as trustee and transferring all trust assets to that institution.

Respondent refused to honor this request on the ground that Baker's status as a permanent resident of a Utah nursing home rendered her incompetent to amend the trust under the terms of the trust itself. Baker then commenced the instant action seeking to remove respondent as trustee (petitioner was substituted following Baker's death in October 1997). The petition alleges that respondent violated its fiduciary duties by refusing to transfer the trust assets to the Bank of Utah as successor trustee pursuant to Baker's request and by refusing to accept conclusive, good-faith determinations establishing her competency to amend the trust. The petition also alleges that respondent was unsuitable to execute the trust given the geographical distance between Utah and Glens Falls. Supreme Court, finding the trust instrument to be clear on its face, determined that Baker was incompetent to amend its provi-

sions based upon her full-time residency in a nursing home and dismissed the petition. This appeal ensued.

As a prefatory matter, we disagree with respondent's contention that Baker's death renders the instant appeal moot. The petition seeks removal of respondent as trustee; ancillary to this relief is enforcement of Baker's August 1995 request to amend the trust by replacing respondent with the Bank of Utah and transferring all trust assets to that institution. Baker's death notwithstanding, the trust will continue in perpetuity and thus the identity of its trustee remains a viable and important matter directly affecting the parties' rights (cf., *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).

Turning to the merits, we begin by noting that the issue of whether the terms of the trust are ambiguous is one of law to be resolved by the court (*see, e.g.*, *W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). Upon our examination of the trust instrument, we find its language to be clear and unambiguous with respect to the issue of competency to amend. We will therefore construe the trust instrument as written and determine Baker's intention solely from these unambiguous terms (*see, Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 267).

Pursuant to article 2, the trust could be revoked or amended at any time during Baker's life "so long as she is not incompetent (as defined in Article 7)". Article 7, specifically article 7.1 entitled "Determination of Incompetency", in turn unequivocally outlines the two conditions which would render Baker "incompetent": (1) Baker's admission as a permanent or chronic care resident or patient to a skilled nursing or residential care facility, or (2) certification by a physician that Baker is unable to manage her own legal affairs.* It is undisputed that Baker was a full-time, permanent resident of a Utah nursing home from January 20, 1992 until her death. Given this status, she was therefore rendered incompetent *under the trust* to amend it, and respondent breached no fiduciary duty when it rejected her request to do so.

Petitioner's claim that the trust became irrevocable only in the event that Baker became *mentally* incompetent finds no support in the trust language and is in fact totally contradicted by the clear and unambiguous language contained in articles 2

---

* To be clear, although "incompetent" is typically a reference to an individual's state of mind, "incompetency" under articles 2 and 7 of the trust refers only to the ability of Baker *to amend or revoke the trust*. Thus, the dispute over Baker's competency to amend the trust is not determined solely by her state of mind.

and 7. This being the case, respondent therefore breached no fiduciary duty when it "refused" to accept conclusive proof of Baker's mental competency. As to petitioner's claim that respondent is unsuitable to execute its trustee obligation given the geographical distance separating respondent and Baker, this particular argument has been rendered moot by the latter's death.

Petitioner's remaining contentions are either unpreserved for review or without merit.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.