IRMA A. CULVER et al., Respondents, *v.* TITLE GUARANTEE AND TRUST COMPANY, as Trustee under an Agreement Made by MARY CLARK DE BRABANT and Others, Appellant.

Argued October 7, 1946; decided November 21, 1946.

*William T. Griffin* and *Joseph V. McKee* for appellant. I. Proper statutory construction compels the conclusion that the term " creator " as used in the statutes means all the settlors when there are more than one. (Personal Property Law, § 23; Real Property Law, § 118.) II. The trust indenture in suit is not only a trust agreement between the settlors and the trustee, but also a contract between the settlors. Personal Property Law (§ 23) and Real Property Law (§ 118) do not apply to such contracts, and partial revocation by one settlor of his contribution is not permitted without the other settlor's consent. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66.)

*Henry L. Kanter* for respondents. I. The notice of November 17, 1945, was sufficient to revoke the trust created by the agreement dated January 29, 1926 as to 60/160ths thereof. (Personal Property Law, § 23; *Waters & Co.* v. *Gerard*, 189 N. Y. 302; *Bryan* v. *Knickerbocker*, 1 Barb. Ch. 409; *Haines* v. *Healy*, 15 Barb. 296; *Graff* v. *Bonnett*, 31 N. Y. 9; *Matter of Wentworth*, 190 App. Div. 829, 230 N. Y. 176; *Smith* v. *Title Guarantee & Trust Co.*, 287 N. Y. 500; *People ex rel. N. Y. C. R. R. Co.* v. *Woodbury*, 208 N. Y. 421; *O'Hagan* v. *Kracke*, 165 Misc. 4, 253 App. Div. 632; *Hoskin* v. *Long Island Loan & Trust Co.*, 139

App. Div. 258, 203 N. Y. 588; *Smith* v. *Title Guarantee & Trust Co.*, 287 N. Y. 500; *Baker* v. *Fifth Avenue Bank of New York*, 225 App. Div. 238; *Guaranty Trust Company of New York* v. *Armstrong*, 43 N. Y. S. 2d 897, 268 App. Div. 763, 294 N. Y. 666; *Doctor* v. *Hughes*, 225 N. Y. 305; *Aranyi* v. *Bankers Trust Co.*, 201 App. Div. 706.) II. No question of contract obligation is involved. (*Van Cott* v. *Prentice*, 104 N. Y. 45; *Streat Coal Co., Inc.*, v. *Frankfort Gen. Ins. Co.*, 237 N. Y. 60; *Rose* v. *Bristol*, 174 App. Div. 15; *Ward* v. *Union Trust Co.*, 172 App. Div. 569; *City of New York* v. *Interborough R. T. Co.*, 257 N. Y. 20; *Schwartz* v. *Fulton Trust Co.*, 119 Misc. 831.)

CONWAY, J. In January, 1926, one Mary Clark de Brabant as party of the first part, the plaintiffs as parties of the second part and the defendant trust company as party of the third part entered into an agreement in writing under which Mary Clark de Brabant paid and delivered to the defendant $60,000 in cash and the plaintiffs paid and delivered real and personal property of the stated value of $60,000, in trust, to collect the income and to pay it to one plaintiff for life, then to the other if she should survive the first and, on the death of the survivor, to pay over and deliver the principal to such person or persons as Mary Clark de Brabant might by an instrument in writing direct and, in default of such direction, to her daughter, Katherine Culver Williams, or if she should not at that time be living then to the lawful issue of Katherine Culver Williams per stirpes.

Subsequently Mary Clark de Brabant added to the trust the further sum of $40,000 pursuant to an option to increase the principal contained in one of the paragraphs of the agreement.

In 1939 Mary Clark de Brabant died leaving a will in which her daughter, Katherine Culver Williams, was named as residuary legatee. She did not during her lifetime designate any person or persons to receive the principal of the trust.

On the 17th day of November, 1945, Katherine Culver Williams and two adult daughters, her only issue, were alive. On or about that date a notice was served upon the defendant whereby the plaintiffs as two of the creators of the trust purported to revoke it as to the 60/160ths fractional share of the assets representing their contribution and Katherine Culver Williams and her two daughters consented thereto.

There is thus presented for determination the question whether Personal Property Law, section 23, and Real Property Law, section 118, permit partial revocation by less than all of the settlors where one of several joint settlors is dead and the surviving settlors attempt to revoke only as to their own contribution.

Personal Property Law, section 23, and Real Property Law, section 118, insofar as any construction is necessary here, are substantially the same. The former reads as follows: " § 23. *Revocation of trusts upon consent of all persons interested.*

" Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

When, originally, an attempt was made to revoke this trust in its entirety, the Appellate Division properly directed judgment for the defendant ᵒ(*Culver* v. *Title Guar. & Trust Co.*, 269 App. Div. 627) and pointed out in the course of its opinion, citing cases, that, were there no applicable statutes and had a power of revocation been reserved to the joint settlors of the trust — which was not the case here — all would be required to join in the revocation and that, had death occurred as to one, the survivors would be unable to effect it. We do not think that a different rule has been made applicable by the statutes referred to where revocation is sought by the surviving settlors. Were all of the joint settlors living, the consent of each to a revocation either in whole or in part would be necessary. There appears to be equal reason for forbidding whole or partial revocation when one of them is dead and may not be heard. The deceased settlor may have departed this life secure in her belief that she had so arranged her affairs that her daughter would be benefitted, if alive, by the receipt of a principal sum contributed not only by her but by other settlors and that if her daughter were not alive her grandchildren would receive such benefit. We think it fairer and more in consonance with legislative intent not to deprive her by reason of her death, of her right to refuse

to consent to partial or total revocation. If the Legislature desires to provide otherwise it may do so by explicit enactment. The two property statutes to which we have made reference use the word " creator ". By General Construction Law, section 35 " words in the singular number include the plural, and in the plural number include the singular." We read the word " creator " in the statutes as meaning all of the settlors who make an agreement such as the one presented here. Thus all must join to effect partial or total revocation.

The case of *Guaranty Trust Co.* v. *Armstrong* (294 N. Y. 666) is not in conflict with these views. There a husband and wife transferred property to the plaintiff trust company to be held in trust under an agreement by which the trustee was to pay over the income " to the parties of the first part jointly during their lives, and upon the death of, either, to the survivor of them during his or her life." The settlors agreed that the trust might be terminated at any time by them during their joint lives, authorized the trustee to retain specified securities in which the trust fund might be invested when delivered to it and limited the power of the trustee to sell such securities to instances where written consent was obtained by it from both parties during their joint lives, or thereafter, from the survivor. The agreement further provided that the principal should be distributed upon the death of the survivor as directed by his or her last will and testament. It then read: " If the survivor shall fail to dispose of the said trust fund by his or her last will and testament, the trust fund shall go to and be distributed among his or her next of kin in accordance with the Statute of Distributions of the State of New York." In other words the two settlors retained in themselves complete control over the funds during their joint lives and vested in the survivor complete beneficial interest during life, together with all remainder and reversionary interests therein. After the death of her husband the surviving wife purported by instrument to revoke the trust under section 23 of the Personal Property Law as to the one half of the trust property contributed by her. No remainder had been there created as in *Whittemore* v. *Equitable Trust Co.* (250 N. Y. 298) and in *Engel* v. *Guaranty Trust Co.* (280 N. Y. 43) or as in the instant case where a vested remainder in the daughter of Mary Clark de Brabant came into existence

upon the death of her mother. The deceased settlor had had no power under the agreement to dispose of the principal of the trust by last will and testament. That was granted only to the survivor. Clearly with respect to the surviving settlor's contribution this was not a '' spendthrift trust '' within the contemplation of Personal Property Law, section 15 (*Schenck* v. *Barnes,* 156 N. Y. 316; *Matter of Blake,* 226 App. Div. 580, affd. 252 N. Y. 613) and that statute expressly authorized alienation of her beneficial interest therein. We held the revocation to be a valid one; that the surviving wife had a reversion in that portion of the corpus of the trust contributed by her, was the only person in any manner interested therein (indeed she had never relinquished complete control of it) and thus was entitled in her own right to demand and receive the return of that which she had contributed (see *Doctor* v. *Hughes,* 225 N. Y. 305; *Matter of Scholtz* v. *Central Hanover Bank & Trust Co.,* 295 N. Y. 488; *National Park Bank* v. *Billings,* 144 App. Div. 536, 541, affd. on opinion below 203 N. Y. 556; *Wells* v. *Squires,* 117 App. Div. 502, affd. upon opinion of Scott, J., 191 N. Y. 529; *Matter of Bloodgood,* 184 App. Div. 798, 801).

The judgment should be reversed and the matter remitted to the Appellate Division for proceedings not inconsistent with this opinion, with costs in this court and in the Appellate Division payable to the defendant out of the fund.

Loughran, Ch. J., Lewis, Desmond, Thacher, Dye and Fuld, JJ., concur.

Judgment accordingly.