Jacob Markowitz, J.
This is an application by the settlor of an inter vivos trust who is also the beneficiary thereunder to compel revocation and surrender of the corpus.
The trust was created in November, 1955 shortly after the settlor inherited a considerable sum of money as the result of the termination, by her father’s death, of two trusts, one inter vivos and one testamentary created by her grandfather. The settlor agreed to place at least part of her inheritance in trust for herself for life and remainder to her next of kin surviving her on her father’s side only.
Broad powers are given the trustees (one of which is a financial institution, the other an attorney who is also a relative of the settlor) to use the principal as well as the income for her *669 benefit, and to retain or dispose of the trust property as they see fit to achieve the purposes of the trust. It is also provided in paragraph “ eighth ” of the trust instrument that the settlor “ may from time to time, by instrument signed, acknowledged and delivered to the Trustees, modify, alter, amend, or revoke, in whole or in part, this Agreement or the trust hereby created, only on condition that the consent of said trustees and the survivor of them is first obtained in writing ”.
The settlor, pursuant to the above-quoted provision, notified the trustees in September, 1959 of her intention to revoke the trust. The trustees have refused to assent.
It is asserted by the settlor, that notwithstanding the provisions of the trust, she has under section 23 of the Personal Property Law an unrestricted right to revoke.
Section 23 provides as follows:
‘ ‘ Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.
“ For the purposes of this section, a gift or limitation, contained in a trust created on or after September first, nineteen hundred fifty-one, in favor of a class of persons described only as heirs or next of kin or distributees of the creator of the trust, or by other words of like import, does not create a beneficial interest in such persons.”
The trustees contend, on the other hand, that the express provision in the trust requiring their consent is not nullified by the above-cited statutory provision. Moreover, they assert that the limited contingent remainder to next of kin on settlor’s father’s side only is unlike the general “ next of kin ” exception in the second paragraph of section 23, so that revocation is impossible since ‘ ‘ consent of all the persons beneficially interested ” cannot be obtained.
Absent an express unrestricted power of revocation or equitable grounds therefor, a settlor who effects a complete trust generally loses all control over the property (Wallace v. Berdell, 97 N. Y. 13). However, at common law revocation could be effected with the consent of all those beneficially interested (89 0. J. S., Trusts, § 88, subd. [b]). In this jurisdiction, this principle was rendered inoperative for a time by the enactment of statutory provisions which forbade alienation of the beneficial interests of a trust where the trustee is under a duty to apply the income therefrom for the benefit of the beneficiary (Personal *670 Property Law, § 15; Real Property Law, § 103; see Cuthbert v. Chauvet, 136 N. Y. 326).
Thereafter it appears that section 23 and Real Property Law (§ 118) were enacted in effect to re-establish the common-law rule as to the revocability of such trusts (6 Ford. L. Rev. 242, 243). Thus, it appears that, while it is true that the prohibition against alienation of income set forth in Personal Property Law (§ 15) and Real Property Law (§ 103) is inapplicable to situations such as at bar where the settlor is also the beneficiary (Newton v. Hunt, 134 App. Div. 325, affd. 201 N. Y. 599; City Bank Farmers Trust Co. v. Kennard, 1 N. Y. S. 2d 369), sections 23 and 118 were enacted solely to re-establish common-law rules of revocation as affected by sections 15 and 103, not to create new or broader revocation rights.
Thus a settlor under New York law who is also the sole beneficiary may, ordinarily, revoke the trust although no power is reserved to do so (Matter of Farrell, 177 Misc. 389) even though the instrument expressly states that it is irrevocable (Franklin v. Chatham Phenix Nat. Bank & Trust Co., 234 App. Div. 369). This is not to say, however, that when a settlorbeneficiary reserves the power to revoke only under particular circumstances or conditions, the statutory provisions permit revocation under all circumstances. The statutory history indicates an intent to make seemingly irrevocable trusts, revocable upon consent of all beneficial interests. However, where the procedure for revocation is clearly set forth in the trust instrument, the conditions imposed may not be ignored (89 0. J. H, Trusts, § 89). So, at common law, with the rule as to revocation similar to the statutory rule in this State, if the settlor reserves a power to revoke the trust only with the consent of the trustee, the trust cannot be revoked without such consent (Restatement, Trusts, § 330, comment 1; Hearst v. American Newspapers, 51 F. Supp. 171; Damiarin v. Lobasco, 361 Pa. 1; Cleveland Trust Co. v. White, 134 Ohio 1; Downs v. Security Trust Co., 175 Ky. 789).
It is only where it appears that the consent is unreasonably withheld or the trustee otherwise is abusing his discretion that the trustee’s judgment can be questioned (Restatement, Trusts, § 330, comment l).
In the instant case, it appears that the trustees have exercised their judgment soundly and wisely. The facts presented indicate that settlor has a tendency to conduct her affairs improvidently and neglectfully. Within the short period of a few months she gave away as gifts over $50,000 of her inheritance rendering herself unable to meet her tax obligations. The *671 laud&Mlity of her motives or the generosity of her feelings towards the objects of her bounty is neither questioned here nor condemned. Her behavior, however, underlines the reasonableness of her trustees’ refusal to put her in control of the corpus of her trust and their desire to retain it for her benefit and enjoyment.
It is clear from the circumstances surrounding the creation of the trust, that the settlor’s purpose in inserting the consent provision was to preclude herself from revoking the trust where it would be clearly unwise for her to do so. Thus, arbitrary assent on the part of the trustees in disregard of the trust purposes would raise serious questions as to whether their acts would he those of prudent fiduciaries (Restatement, Trusts, § 330, comment l).
In view of the foregoing, it becomes unnecessary to pass upon the effect of the next of kin limitation set forth in the trust document within the meaning of the second paragraph of section 23.
Accordingly, the application is denied.