■ NORMAN ZAUBLER, by LELAND S. ZAUBLER, Respondent, v JOHN R. PICONE, Appellant. — In an action, *inter alia,* for dissolution of a partnership, defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered June 8, 1983, which denied his motion to dismiss the complaint. ¶ Order affirmed, with costs. ¶ In January, 1963, plaintiff and defendant entered into a partnership agreement for the purpose of engaging in the real estate business. Since its inception, the partnership conducted business under the name of "The River Edge Company" and owned and managed a garden apartment complex in the Village of Hastings-on-the-Hudson. ¶ In 1981, plaintiff retired from the business and moved to Florida. On January 19, 1981, plaintiff executed a short-form statutory power of attorney designating

his son, Leland S. Zaubler, as his attorney in fact. The document stated, "The application of this Power of Attorney is limited to the affairs, broadly construed, of the River Edge Company, its real and personal property, and other dealings". On March 5, 1982, plaintiff executed a second short-form statutory power of attorney which designated Leland S. Zaubler, Lynn Zaubler and Jolie Kelter as his attorneys in fact to act severally. The second power of attorney did not expressly revoke the January, 1981 power nor did it contain any language limiting its exercise to the affairs of The River Edge Company. ¶ In January, 1983, Leland Zaubler instituted this action, in the name of his father, to dissolve The River Edge Company. The complaint alleged, *inter alia,* that defendant failed to permit total access to the partnership records and that defendant was mismanaging the partnership assets. Defendant moved to dismiss the complaint on the basis that a partner's attorney in fact does not have authority to maintain an action to dissolve a partnership. Special Term denied the motion to dismiss. We agree with its determination. ¶ An attorney in fact is essentially an alter ego of the principal and is authorized to act with respect to any and all matters on behalf of the principal with the exception of those acts which, by their nature, by public policy, or by contract require personal performance (*Matter of Arens v Shainswit,* 37 AD2d 274, affd 29 NY2d 663; *Bismark v Incorporated Vil. of Bayville,* 21 AD2d 797; *Mallory v Mallory,* 113 Misc 2d 912). Sections 5-1502A through 5-1502L of the General Obligations Law describe and explain the extraordinary scope of the authority of an attorney in fact with respect to the principal's various matters, including the principal's business affairs (General Obligations Law, § 5-1502E); banking transactions (General Obligations Law, § 5-1502D); and real estate transactions (General Obligations Law, § 5-1502A). Most significantly, section 5-1502H of the General Obligations Law, *inter alia,* authorizes an attorney in fact to assert and to prosecute any cause of action or claim which the principal may have against any individual or partnership. ¶ In view of the above, it is clear that a partner's attorney in fact is authorized, absent any indication to the contrary, to institute an action in the name of his principal to dissolve a partnership. It is apparent that such a result is contemplated by subdivision 1 of section 63 of the Partnership Law which directs a court to decree a dissolution upon an appropriate application made "by or for" a partner. ¶ We further find that Special Term did not err in relying upon the language in the first power of attorney executed in January, 1981. As a general rule an attorney in fact's authority may be revoked by the principal either expressly or impliedly through words or conduct which are inconsistent with the continuation of authority (Restatement, Agency 2d, § 119). There is no indication that plaintiff intended to revoke the January, 1981 power of attorney when he executed the second power in March, 1982. Moreover, the terms of the two documents do not contradict each other. Accordingly, the first power of attorney was not, as a matter of law, impliedly revoked by the March, 1982 power of attorney. In any event, Leland S. Zaubler was still authorized to institute this action by the terms of the March, 1982 power of attorney since it permitted each of the three named attorneys in fact to act severally. Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.