■ Roberta Cymbol, Appellant, v Irwin Cymbol, Respondent.—In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme

Court, Westchester County (Martin, J.), entered March 20, 1985, as granted the defendant husband's motion for pendente lite relief to the extent of providing for child support and directing the plaintiff to contribute toward the expenses for the maintenance of the marital residence.

Order reversed insofar as appealed from, on the law, without costs or disbursements, and motion insofar as it sought child support and contributions toward the maintenance of the marital residence denied without prejudice to renew upon proper papers.

In support of his application for pendente lite relief, the defendant submitted what purported to be his personal affidavits, but which were not sworn to by him. Rather, they were sworn to by his two sons as his attorneys-in-fact on his behalf. General Obligations Law §§ 5-1502A and 5-1502L permit an attorney-in-fact to exercise broad and diverse powers on behalf of his principal, including the power to verify pleadings and petitions in certain matters (see, General Obligations Law §§ 5-1502H, 5-1502I). The authority for an attorney-in-fact to act on behalf of his principal under a general statutory short form power of attorney, as in the case at bar, is circumscribed in that he may only act to the extent that his principal is permitted by law to act through an agent (see, General Obligations Law § 5-1501). In certain instances, an agent may swear to the truth of factual allegations on behalf of his principal (see, CPLR 3020 [d], permitting an agent to verify a pleading) to the extent that those facts are within his personal knowledge. There is no authority which permits an agent to swear to the truth of allegations which are made by the principal from his own personal knowledge and which are not personally known by the agent. "The statutory powers granted to an attorney in fact under section 5-1501 of the General Obligations Law, do not include the power to swear or sign an affidavit in the name of the principal. Such a purported affidavit lacks any probative effect" (Reboul, MacMurray, Hewitt, Maynard & Kristol v Quasha, 90 AD2d 466; see, 1 NY Jur 2d, Acknowledgements, Affidavits, Oaths, Notaries and Commissioners, § 58, at 257). Accordingly, the defendant's motion, which was not supported by proper affidavits, should have been denied with leave to renew upon proper papers. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.