In the Matter of RHETTA STEVENSON ELSER, Respondent, v FREDERICK C. MEYER, Appellant. [814 NYS2d 684]—

In a proceeding pursuant to CPLR article 77, inter alia, to terminate a trust and for an accounting, the appeal is from an order of the Supreme Court, Suffolk County (Loughlin, J.), dated August 2, 2005, which granted the petition and directed the trustee to provide a final accounting.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

On December 14, 1990 the settlor created a trust. The petitioner, Rhetta Stevenson Elser, was the beneficiary, and the appellant, Frederick C. Meyer, was the trustee. The trust instrument contained a paragraph entitled "IRREVOCABILITY," which declared the settlor's intent to make the trust irrevocable, and further provided, inter alia, that the trustee, "in [his] sole and exclusive discretion[,] may amend the terms and conditions of the trust or revoke the trust in whole or in part as [he] deems necessary or prudent."

In 2004 the settlor executed an instrument purporting to revoke the trust pursuant to EPTL 7-1.9, and the petitioner executed a consent to the revocation. The trustee refused to revoke the trust, taking the position that his consent was required to do so. This proceeding ensued. The Supreme Court disagreed with the trustee, granted the petition, and directed that the trustee render a final accounting. We reverse and remit for a determination as to whether the trustee unreasonably withheld his consent to the revocation of the trust.

Although the subject trust instrument does not, in so many words, require the trustee's "consent" to revocation of the subject trust, the language of the trust instrument—in vesting in the trustee the sole and exclusive discretion to revoke it— effectively accomplishes the same thing. Further, despite the settlor's purported compliance with EPTL 7-1.9, which allows a settlor to revoke a trust upon the written consent of all those beneficially interested therein, "the terms of the trust setting

forth the procedure for revocation must be complied with before the statute comes into play" (*Matter of Dodge*, 25 NY2d 273, 285 [1969]; *see Matter of Mordecai*, 24 Misc 2d 668, 670 [1960]). Accordingly, the Supreme Court erred in granting the petition without first determining whether the trustee unreasonably withheld his consent to the revocation of the subject trust (*see Matter of Mordecai, id.*). Since we cannot make that determination on the instant record, we remit the matter to the Supreme Court, Suffolk County, for a determination of that issue and a new determination of the petition thereafter. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.