OPINION OF THE COURT
Joseph J. Maltese, J.
The petitioners move for an order directing the respondents to turn over: all records in their possession relating to the LiGreci Irrevocable Insurance Trust (the Trust) or its assets and *595 to submit to examinations before trial concerning the nature and value of the trust corpus when received; any income received; disbursements, distributions or payments; any commissions paid, and the location of all records regarding the Trust relating to the accounts for all Trust assets; and move for an order directing John T. LiGreci to account to this court for all the Trust property and effects which have been received by him from the date of the creation of the Trust to the date of such accounting. In opposition, the respondents cross-move by order to show cause for an order denying the petitioners’ petition, vacating, setting aside and rescinding the May 19, 2010 “Amendment to LiGreci Irrevocable Insurance Trust” under agreement dated November 5, 1991 and the May 19, 2010 “Amended Irrevocable Trust Agreement.” Also, that upon the recision and reinstatement of John T. LiGreci as trustee of the Trust, that an order be issued directing John T. LiGreci to render an accounting in accordance with article 22 of the Surrogate’s Court Procedure Act. The respondents’ order to show cause is granted and the petitioners’ motion is denied.
Facts
It is undisputed that Nicholas LiGreci created an irrevocable trust in 1991. The title of the trust agreement reads “IRREVOCABLE TRUST AGREEMENT”; at article 19 of the instrument the Trust is named “LiGreci Irrevocable Insurance Trust u/a 11/5/91”; and article 13 of the Trust reads: “This Agreement, and the Trust created hereby, shall be irrevocable and shall not be subject to any alteration or amendment. This Agreement shall continue until the termination hereof pursuant to Paragraph (B) of Article 5 [death of the grantor].”
Nicholas LiGreci’s brother and the respondent in this action, John T. LiGreci, was named trustee of the Trust with his accountant, Jack A. DeSantis of 1540 Hylan Boulevard, Staten Island, New York 10305, named as successor trustee. Upon the death of Nicholas LiGreci the proceeds of the Trust were to be distributed in one-third shares to the following beneficiaries, who are the children of the settlor: John LiGreci, date of birth xx/xx/xxxx; James LiGreci, date of birth xx/xx/xxxx; and Linda (LiGreci) Perosi, date of birth xx/xx/xxxx. According to an affidavit submitted by John T. LiGreci, the settlor’s brother, the Trust’s sole asset was a one million dollar life insurance policy that insured his brother’s life.
On April 20, 2010 Nicholas LiGreci, residing at 21 Crystal Avenue, Staten Island, New York, executed a New York statutory *596 short form power of attorney designating his daughter Linda LiGreci Perosi, also residing at 21 Crystal Avenue, Staten Island, New York, as agent. On that same instrument, Nicholas LiGreci designates his grandson, Nicholas A. Perosi, as a successor agent. The power of attorney granted the agent full authority to act on his behalf, as well as all the modifications listed 1 through 11 on the statutory form. Simultaneously with the execution of the power of attorney, Nicholas LiGreci executed the form designated “New York Statutory Major Gifts Rider Authorization to Make Major Gifts or other Transfers.”
On May 19, 2010 Linda Perosi, apparently using her purported authority as Nicholas LiGreci’s attorney-in-fact, executed an “Amendment to LiGreci Irrevocable Insurance Trust u/a/d November 5, 1991.” The amendment sought to remove their uncle, John T. LiGreci, and the accountant, Jack A. DeSantis, as trustee and successor trustee of the Trust, respectively. In their place, Linda Perosi sought to appoint her son Nicholas Perosi of 10 Wexford Lane, Shelton, Connecticut and Ericalee Burns of 21 Crystal Avenue, Staten Island, New York as trustee and successor trustee of the Trust, respectively. Each of the beneficiaries of the Trust executed the required statutory consents to the amendment.
On June 3, 2010, Nicholas LiGreci, the creator or settlor of the trust, died 15 days after Linda Perosi signed the “Amendment to LiGreci Irrevocable Insurance Trust u/a/d November 5, 1991,” as his attorney-in-fact.
Discussion
The New York Court of Appeals has held that a trust created during the settlor’s lifetime is presumed to be irrevocable absent language contained in the four corners of the instrument that retains the settlor’s right to alter or amend the instrument.[1] But there is an exception to this strict rule. A settlor failing to include language that would make the instrument revocable still has a statutory right to revoke or amend the trust.[2] A “creator” of an irrevocable trust may revoke or amend an otherwise irrevocable trust by obtaining the “written consent, acknowledged or proved in the manner required by the laws of *597 this state for the recording of a conveyance of real property, of all the persons beneficially interested in a trust property.”[3]
It is clearly evident that Nicholas LiGreci intended to create an irrevocable trust when he executed the trust instrument on November 5, 1991. The language contained within the four corners of the trust instrument does not permit Nicholas LiGreci to amend the trust, nor does it permit his agent to amend the trust. It is without question that Nicholas LiGreci as the “creator” of the Trust could have, during his lifetime, utilized the statutory mechanism to revoke or amend an otherwise irrevocable trust. The issue is whether Linda Perosi, one of the beneficiaries of the Trust, could utilize that same statutory provision acting as the settlor’s attorney-in-fact when she signed the amendment that removed John T. LiGreci as trustee and named her son Nicholas Perosi as trustee of the LiGreci Irrevocable Insurance Trust u/a 11/5/91 on May 19, 2010.
The Surrogate’s Court in Westchester County examined this very question in the case Matter of Goetz[4] that contained a very similar set of facts. In that case, the settlor of the trust reserved in himself the right to revoke or amend the terms of the trust during his lifetime. At the same time the settlor executed a statutory short form durable power of attorney in favor of his wife, that granted her full authority. Subsequent to the creation of the trust the settlor sought to exercise his right to amend the trust and revoke that provision dividing the residuary of his estate equally among his children and instead grant his wife a limited testamentary power of appointment. The amendment was drafted and brought to the settlor for execution. The settlor signed the amendment, but not in the presence of a notary, thereby making it ineffective. The very next day the settlor’s wife executed the amendment in her capacity as the settlor’s attorney-in-fact. The Surrogate’s Court held that the amendment executed by the settlor’s wife, in her capacity as attorney-in-fact, amending the trust was ineffective.[5]
The “creator” of a trust is defined as “a person who makes a disposition of property.”[6] The Court of Appeals, in Culver v Title Guar. & Trust Co., addressed the individualized nature of the *598 statutory right to revoke an otherwise irrevocable trust.[7] In that case, a trust was created by three settlors or creators. After the-death of one of the creators the remaining two attempted to revoke certain portions of the trust. The Court held that in the context of revoking or amending a trust the creator’s power to revoke a trust is a personal right that terminates at the creator’s death. In so holding, the Court reasoned that
“[t]here appears to be equal reason for forbidding whole or partial revocation when one of them [creators] is dead and may not be heard ... We think it fairer and more in consonance with legislative intent not to deprive [the settlor] by reason of [the settlor’s] death, of [the settlor’s] right to refuse to consent to partial or total revocation. If the Legislature desires to provide otherwise it may do so by explicit enactment.”[8]
A “trust instrument is to be construed as written and the settlor’s intention determined solely from the unambiguous language of the instrument itself. . . It is only where the court determines the words of the trust instrument to be ambiguous that it may properly resort to extrinsic evidence.”[9] In this case, Nicholas LiGreci, the creator/settlor of the Trust, did not reserve the power to revoke or amend the trust instrument during his lifetime. To the contrary, the trust instrument indicates his intent that the Trust not be modified in any way, by either himself or an agent. It is clear that Nicholas LiGreci intended this instrument to be irrevocable. This left only the statutory method available to him during his lifetime to amend or revoke the trust.
Here, the petitioners assert that the amendment to the Trust was accomplished by statute through Linda Perosi as Nicholas LiGreci’s attorney-in-fact. The Appellate Division, Second Department, has held that “[t]o the extent permitted by law and the terms of the power of attorney, an attorney-in-fact may act for [his or] her principal in all matters that do not require the principal to act for himself [or herself].”[10] Here, it is clear that Nicholas LiGreci did not intend for himself, or anyone else, *599 to amend the Trust. The power of attorney executed by Nicholas LiGreci, less than two months before his death, grants no powers to his agent to amend or revoke past estate planning devices, such as trusts. The executed power of attorney grants his agent the right to create trusts and name trustees, but the language is forward looking. The power of attorney is silent as to restructuring past estate planning devices. As was the case in Matter of Goetz, the petitioner has not cited any New York law or precedent which would support their proposition that an agent may use a power of attorney to modify an irrevocable trust instrument executed by her principal utilizing EPTL 7-1.9.
Conclusion
The petitioners’ application for an accounting in this court by the respondent John T. LiGreci is denied. The respondents’ cross-petition brought by order to show cause, is granted. John T. LiGreci acted as trustee for his brother’s trust for nearly 19 years, apparently without incident. Linda Perosi, through a power of attorney, attempted to oust her uncle, John T. LiGreci, at the very end of her father’s life. The record is completely devoid of any fact that Nicholas LiGreci wished to have his brother removed as trustee, except those self-serving statements of the petitioners.
The statutory right to revoke an otherwise irrevocable trust is a personal right which may only be exercised by that individual, absent language in the trust instrument that says otherwise. Furthermore, even construing the terms of the power of attorney at its broadest, the authority granted to the agent with regard to trusts and estate instruments extends only to actions taken prospectively. The power of attorney executed by Nicholas LiGreci grants no authority to his agent to reform his estate planning.
Accordingly, it is hereby ordered, that the petition made by Nicholas Perosi, as trustee of the LiGreci Irrevocable Insurance Trust under agreement dated November 5, 1991, and Linda Perosi, seeking an accounting by the respondent John T. LiGreci in this court, and the turnover of documents to the petitioners and other requests for relief is denied in its entirety; and it is further ordered, that the order to show cause brought by respondents John T. LiGreci and Jack A. DeSantis is granted in its entirety; and it is further ordered, that the May 19, 2010 amendment to LiGreci Irrevocable Insurance Trust under *600 agreement dated November 5, 1991 is vacated and set aside; and it is further ordered, that John T. LiGreci shall render an accounting of his collection and disbursements of funds in the Surrogate’s Court of Richmond County in accordance with article 22 of the Surrogate’s Court Procedure Act in conjunction with the pending probate proceeding in the estate of Nicholas LiGreci, under file No. 2010-720.

. McKnight v Bank of N.Y. & Trust Co., 254 NY 417 (1930); EPTL 7-1.16.

. EPTL 7-1.9 (a).

. Id.

. 8 Misc 3d 200 (2005).

. See also Matter of Chiaro, 28 Misc 3d 690, 698 (2010).

. EPTL 1-2.2.

. 296 NY 74 (1946).

. Id. at 77-78 (emphasis added).

. Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267 (1990).

. Buckley v Ritchie Knop, Inc., 40 AD3d 794, 796 (2d Dept 2007).