OPINION OF THE COURT
Leventhal, J.
On this appeal we are asked to decide whether an irrevocable trust, which can be amended or revoked by the creator of such a *232 trust with the written consent of the trust beneficiaries, can also be amended by the creator’s attorney-in-fact. Under the facts presented, we answer this question in the affirmative.
On November 5, 1991, Nicholas LiGreci (hereinafter the creator) established an “Irrevocable Trust Agreement” (hereinafter the Trust), the beneficiaries of which are his three adult children, including his daughter, Linda Perosi. The creator named his brother, John T. LiGreci (hereinafter the trustee), as trustee of the Trust and Jack A. DeSantis as successor trustee (hereinafter the successor trustee). The Trust provides that it “shall be irrevocable and shall not be subject to any alteration or amendment.”
Power of Attorney
On April 20, 2010, the creator executed a durable statutory short form power of attorney, appointing Linda Perosi as his attorney-in-fact (hereinafter the attorney-in-fact). The power of attorney grants the attorney-in-fact the authority to act as the principal’s agent with respect to all matters, including the “authority to spend your money and sell or dispose of your property during your lifetime without telling you.” The power of attorney further grants the attorney-in-fact the authority with respect to estate transactions and “all other matters,” as defined in General Obligations Law §§ 5-1502A to 5-1502N. The power of attorney also grants the authority “to create and fund a grantor retained annuity trust or other estate planning trust” and to “designate the trustee, income beneficiary and remainder beneficiary of any trust.” The major gifts rider to the power of attorney supplements the attorney-in-fact’s powers by granting her, inter alia, full authority to establish and fund revocable or irrevocable trusts, transfer assets to a trust, make gifts, and act as grantor and trustee.
On May 19, 2010, the attorney-in-fact executed an amendment (hereinafter the amendment) to the Trust, pursuant to EPTL 7-1.9. The amendment sought to remove the trustee and the successor trustee. In addition, the amendment sought to designate Nicholas Perosi, the creator’s grandson and the son of the attorney-in-fact, as trustee, and Ericalee Burns as the successor trustee. All three beneficiaries of the Trust executed signed written consents to the amendment as required by statute (see EPTL 7-1.9).
On June 3, 2010, 15 days after the execution of the amendment, the creator died. The creator did not sign the amend *233 ment. At the time of the creator’s death, the corpus of the Trust consisted of a $1,000,000 life insurance policy insuring the lives of the creator and his wife, who had predeceased him.
On July 28, 2010, the attorney-in-fact and Nicholas Perosi, in his capacity as the new trustee under the amendment (hereinafter together the petitioners), filed the instant petition, inter alia, for an accounting from the trustee. The petitioners also sought to remove both the trustee and the successor trustee and to require them to turn over all Trust assets, property, and records.
On September 27, 2010, the trustee moved to “set aside” the amendment, to restore him, as trustee, and to direct him, as trustee, to render an accounting. The trustee asserted that the Trust amendment was void because the Trust was irrevocable. In addition, the trustee contended that he had served faithfully from the date the Trust was created in 1991 until May 2010, when the amendment was executed.
In opposition, the petitioners argued that EPTL 7-1.9 permitted the creator to amend the Trust during his lifetime upon the consent of all beneficiaries. The petitioners acknowledged that if the Trust language set forth requirements for an amendment, those requirements must be followed. The petitioners argued that since the Trust contains no such limiting language, the creator, acting through his attorney-in-fact, had the power to amend the Trust during the creator’s lifetime, and thus, the amendment was valid.
In reply, the trustee asserted that the petitioners’ purported removal of him exceeded the petitioners’ authority because they did not seek judicial intervention pursuant to EPTL 7-2.6.[1] The trustee further contended that the petitioners engaged in self-dealing in order to deprive him of his commissions and to increase the size of the beneficiaries’ shares.
The Order Appealed From
In an order dated February 14, 2011, the Supreme Court denied the petition, inter alia, for an accounting, and granted the trustee’s motion, among other things, to set aside the amendment and for an accounting. The Supreme Court held that the creator intended for the Trust to be irrevocable and *234 that the Trust’s language did not permit the creator, or his agent, to amend the Trust. Acknowledging that the creator could have amended the Trust pursuant to EPTL 7-1.9, the Supreme Court determined that the power of attorney granted the attorney-in-fact no power to amend estate planning devices that were created prior to the execution of a power of attorney. The Supreme Court reasoned that the power of attorney language grants “forward looking” powers, and it is silent as to the restructuring of past estate planning devices (Perosi v LiGreci, 31 Misc 3d 594, 599 [2011]). The Supreme Court also concluded that the statutory right to amend or revoke an irrevocable trust is a personal right, which, unless the trust or power of attorney states otherwise, may only be exercised by the creator.
On appeal, the petitioners contend that the power of attorney grants the attorney-in-fact the authority to both amend the Trust and to replace the trustee. By contrast, the trustee argues that the language of the Trust did not permit the Trust to be amended by the attorney-in-fact. The trustee also contends that neither a power of attorney nor the General Obligations Law grants an attorney-in-fact the authority to alter or amend an irrevocable trust that was created prior to the execution of the power of attorney.
The salient facts are not disputed by the parties. The issue presented is whether an irrevocable trust can be amended by a creator’s attorney-in-fact. We begin with a review of the applicable statutes to determine the legislative intent (see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 92 [a]; 97, 98 [statutory provisions are to be construed in a manner that avoids conflict and preserves the paramount intention of the legislature]; see also Matter of Dutchess County Dept. of Social Servs. v Day, 96 NY2d 149, 153 [2001], citing Matter of Aaron J., 80 NY2d 402, 407 [1992]). EPTL 7-1.16 provides that a trust is deemed irrevocable unless the trust instrument expressly provides otherwise.[2] However, EPTL 7-1.9 provides a mechanism to amend or revoke an irrevocable trust. EPTL 7-1.9 (a) states that a creator may “revoke or amend the whole or any part [of a trust],” upon the acknowledged consent of all persons beneficially interested in the trust (see Matter of Mergenhagen, 50 AD3d 1486, 1487 *235 [2008]; Matter of Elser v Meyer, 29 AD3d 580, 580-581 [2006]; Matter of Warren v Cropsey, 29 AD2d 290, 292-293 [1968] [referring to predecessor statute]; Lucausi v Settino, 2008 NY Slip Op 30826[U] [2008]; see also Turano, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-1.9, at 281 [“This section allows the creator and beneficiaries of an irrevocable, unamendable trust of real or personal property to reform or terminate it”]). Section 7-1.9 of the EPTL places no other burden upon a creator who wishes to amend or revoke an irrevocable trust (see Whitehouse v Gahn, 84 AD3d 949, 951 [2011], citing Matter of Cord, 58 NY2d 539, 546 [1983]).
Where a trust instrument specifies a procedure by which the trust may be amended, an amendment will only be valid where that procedure has been followed (see Matter of Dodge, 25 NY2d 273 [1969]; Whitehouse v Gahn, 84 AD3d at 951; Matter of Elser v Meyer, 29 AD3d at 581; Matter of Rice v Novello, 25 AD3d 992, 993 [2006]; Matter of Chiaro, 28 Misc 3d 690 [2010]; Matter of Goetz, 8 Misc 3d 200 [2005]). For example, in Matter of Rice, the Court held that the creator’s attorney-in-fact could not amend a revocable trust where the trust unambiguously required the creator to act for himself to effectuate an amendment, “and denied [the creator] the ability to amend the trust through an agent” (Matter of Rice v Novello, 25 AD3d at 993). In Matter of Elser v Meyer (29 AD3d 580 [2006]), the trustee was permitted to revoke an irrevocable trust, but the trustee refused a revocation proposed by the creator and the sole beneficiary. After determining that the trustee’s consent to revoke was required by the terms of the trust, this Court remitted the matter to the Supreme Court to determine whether the trustee had unreasonably withheld his consent (id.). However, if a trust instrument does not set forth an amendment procedure, then the creator is only restricted by the statutory requirements set forth in EPTL 7-1.9.
Here, the trust instrument provides that the Trust “shall be irrevocable and shall not be subject to any alteration or amendment.” Nevertheless, pursuant to EPTL 7-1.9, it is clear that the creator possessed the authority to amend or revoke the Trust, upon the acknowledged consent of the beneficiaries. In this regard, we note that the trustee concedes that all three beneficiaries of the Trust provided signed, written consents to the amendment executed by the attorney-in-fact. Therefore, we must now address whether the power of attorney, which was executed subsequent to the creation of the Trust, empowered the attorney-in-fact to amend the Trust.
*236 The statutory short form power of attorney granted the attorney-in-fact authority over various matters including “real estate transactions,” “banking transactions,” and “personal [relationships] and family maintenance.” As relevant to this case, the power of attorney granted the attorney-in-fact authority over “all other matters” and “estate transactions.” The petitioners contend that the above-mentioned authority permitted the attorney-in-fact to amend the Trust.
The authority granted to an attorney-in-fact with respect to “estate transactions” is addressed in General Obligations Law § 5-1502G. That statute provides that, by giving a power of attorney, a grantor authorizes an attorney-in-fact
“to represent and to act for the principal in all ways and in all matters affecting any estate of a decedent, absentee, infant or incompetent, or any trust or other fund, out of which the principal is entitled, or claims to be entitled, to some share or payment, or with respect to which the principal is a fiduciary” (General Obligations Law § 5-1502G [2]).
Further, the statute permits an attorney-in-fact “to participate in and to oppose any proceeding, judicial or otherwise, for the removal, substitution or surcharge of a fiduciary” (General Obligations Law § 5-1502G [4]). Notably, a trustee is a fiduciary (see EPTL 1-2.7; Matter of Mankin, 88 AD3d 717, 718 [2011]). Section 5-1502G (10) also grants an attorney-in-fact the power “to do any other act or acts, which the principal can do through an agent, with respect to . . . the administration of a trust or other fund, in any one of which the principal has, or claims to have, an interest” (see EPTL 13-2.3 [providing that a beneficiary may authorize an agent to act on behalf of his or her interest in a decedent’s estate if such authorization is in writing, acknowledged like a deed, and recorded in the Surrogate’s Court]; Matter of Murray, 14 Misc 3d 591 [2006] [holding that General Obligations Law § 5-1502G authorizes an attorney-in-fact, acting pursuant to a durable power of attorney, to execute a waiver and consent to probate of a decedent’s will]).
The authority granted to an attorney-in-fact over “all other matters” is governed by General Obligations Law § 5-1502N, entitled “Construction — all other matters.” That statute provides that
“[i]n a statutory short form power of attorney, the language conferring general authority with respect *237 to ‘all other matters’ must be construed to mean that the principal authorizes the agent to act as an alter ego of the principal with respect to any and all possible matters and affairs which are not enumerated in sections 5-1502A to 5-1502M, inclusive, of this title, and which the principal can do through an agent” (General Obligations Law § 5-1502N).
Reading the subject power of attorney together with General Obligations Law §§ 5-1502G and 5-1502N, the authority granted to the attorney-in-fact with respect to “estate transactions” and “all other matters” is limited to those acts which a principal can do through an agent. Thus, contrary to the petitioners’ contention, neither the power of attorney nor article 15 of the General Obligations Law specifically authorizes the attorney-in-fact to amend the Trust. However, this does not end our inquiry.
“An attorney in fact is essentially an alter ego of the principal and is authorized to act with respect to any and all matters on behalf of the principal with the exception of those acts which, by their nature, by public policy, or by contract require personal performance” (Zaubler v Picone, 100 AD2d 620, 621 [1984]; see Matter of Arens v Shainswit, 37 AD2d 274, 279 [1971] [finding that attorney-in-fact was authorized to consent for his principal to be substituted as a candidate for elected judicial office], affd 29 NY2d 663 [1971]; Matter of Lando, 11 Misc 3d 866 [2006] [holding that the General Obligations Law clearly provides that an attorney-in-fact can exercise the right of election pursuant to EPTL 5-1.1-A on behalf of a principal, a right that is personal to a surviving spouse]; see also EPTL 13-2.3).[3]
Generally, the scope of a power of attorney is limited only by the boundaries of the principal-agent relationship (see Cymbol v Cymbol, 122 AD2d 771, 772 [1986] [an attorney-in-fact may only act to the extent that his principal is permitted by law to act through an agent]). There are a few exceptions to the powers which can be granted to an attorney-in-fact. These exceptions include, but are not limited to: the execution of a principal’s will (see EPTL 3-2.1 [a] [3]); the execution of a principal’s affidavit upon personal knowledge (see Cymbol v *238 Cymbol, 122 AD2d 771 [1986]); or the entrance into a principal’s marriage or divorce (see Mallory v Mallory, 113 Misc 2d 912 [1982]). Absent any special circumstances or contrary directives, the amendment of the Trust by the attorney-in-fact, with the consent of all the beneficiaries, was not an act which “by [its] nature, by public policy, or by contract,” required the creator’s personal performance (Zaubler v Picone, 100 AD2d at 621). Indeed, while the legislature has determined that an agent cannot execute a principal’s will (see EPTL 3-2.1 [a] [3]), there is no such legislative enactment which precludes an agent from amending a principal’s trust. We disagree with the Supreme Court’s determination that the creator, acting through the attorney-in-fact, was not permitted to amend the Trust absent a specific delegation of that power in the trust instrument or in the power of attorney. Rather, we hold that since the Trust did not prohibit the creator from amending the Trust by way of his attorney-in-fact, the attorney-in-fact, as the alter ego of the creator, properly amended the Trust.
We are cognizant of the contention that there are sound policy considerations for prohibiting an attorney-in-fact from amending or revoking an irrevocable trust, based upon the premise that a creator knows what is best for his or her trust and overall estate plan. However, if there is to be a presumption that a creator cannot act through his or her agent in amending or revoking a trust, such a policy is for the legislature to enact, not the courts. We note that in this case, the creator and the attorney-in-fact were, by definition, in a fiduciary relationship (see General Obligations Law § 5-1501 [2] [a]), and that the power of attorney was given with the intent that the attorney-in-fact would utilize that power for the benefit of the creator (see Matter of Ferrara, 7 NY3d at 254; Mantella v Mantella, 268 AD2d 852 [2000]).
In support of his contention that the attorney-in-fact had no authority to amend the Trust, the trustee relies upon decisions made by courts of nisi prius, including Matter of Chiaro (28 Misc 3d 690 [2010]) and Matter of Goetz (8 Misc 3d 200 [2005]). As discussed below, that reliance is misplaced.
Matter of Chiaro involved a Mental Hygiene Law article 81 proceeding where a revocable trust was at issue. As pertinent here, the trust in Chiaro provided that it could be amended by both grantors, unless one of those grantors was found to be incapacitated or incompetent (see Matter of Chiaro, 28 Misc 3d at 697). After one of the grantors was deemed incapacitated and a *239 guardian was appointed for her, the other grantor died. The Supreme Court determined that the surviving grantor’s guardian could not amend the trust because, once that grantor was found to be incapacitated, the trust dictated that her guardian had no power to amend. Chiaro is distinguishable because, among other reasons, the trust therein was revocable since it contained a specific provision for amendment. As the trust was revocable, EPTL 7-1.9 was inapplicable until the revocation provisions were complied with (see Matter of Dodge, 25 NY2d at 285).
In Matter of Goetz, the trust at issue provided that the creator reserved the right to revoke or amend the trust to himself (see Matter of Goetz, 8 Misc 3d at 201). Evidence was adduced indicating that the creator had intended to amend the trust, but the creator’s amendment was not properly executed. On the following day, the creator’s attorney-in-fact executed the amendment of the trust on the creator’s behalf. The Surrogate’s Court determined that the attorney-in-fact could not amend the trust because the General Obligations Law did not contain language concerning trust amendments, and the statute did not contain “a section conferring upon agents authority over trust transactions in general” (id. at 204). The Surrogate’s Court in Goetz stated that “[a] grantor’s power of revocation has, historically, been deemed a personal right . . . which cannot be exercised by an executor or legatee who is not granted that right in the trust” (id.). In support of its conclusion, the Surrogate’s Court relied upon Culver v Title Guar. & Trust Co. (296 NY 74 [1946]). However, Culver merely stands for the proposition that, after one of several trust creators has died, the surviving creators are not authorized to revoke or amend the trust. Moreover, unlike the matter sub judice, the Goetz trust specifically reserved the right to amend or revoke the trust to the creator. Thus, we do not find the Goetz decision persuasive.
In sum, the trustee, who asserts that the conduct of the attorney-in-fact exceeded the scope of her mandate, failed to demonstrate that the amendment of the Trust was prohibited.
In the order appealed from, the Supreme Court noted that the attorney-in-fact attempted to oust the trustee “at the very end” of the creator’s life (Perosi v LiGreci, 31 Misc 3d at 599). The record is bereft of any allegation that the creator was incapacitated at the time of the amendment. Nevertheless, during a principal’s life:
“[Subsequent incapacity of a principal shall not revoke or terminate the authority of an agent who *240 acts under a durable power of attorney. All acts done during any period of the principal’s incapacity by an agent pursuant to a durable power of attorney shall have the same effect and inure to the benefit of and bind a principal” (General Obligations Law § 5-1501A [2]).
Consequently, because the creator was alive and had not revoked the power of attorney at the time the amendment was executed, the actions of the attorney-in-fact were within the bounds of her authority.
Conclusion
Accordingly, the order is reversed, on the law, the petition is granted, and the motion is denied.
Skelos, J.P., Balkin and Lott, JJ., concur.
Ordered that the order is reversed, on the law, with costs, the petition is granted, and the motion is denied.

. Notably, pursuant to EPTL 7-2.6, any person interested in a trust can move to remove or suspend a trustee on the ground, inter alia, that the trustee violated his or her trust or threatened to violate it. In this matter, there is no claim that the trustee violated his fiduciary responsibilities.

. Pursuant to EPTL 7-1.16, a creator of a revocable lifetime trust can amend such a trust by way of a specific reference in his or her will. Additionally, EPTL 7-1.17 permits a trust creator (or someone designated by a creator) to amend or revoke a revocable trust.

. “Because ‘[t]he relationship of an attorney-in-fact to his principal is that of agent and principal . . . , the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the highest principles of morality, fidelity, loyalty and fair dealing’ ” (Matter of Ferrara, 7 NY3d 244, 254 [2006], quoting Semmler v Naples, 166 AD2d 751, 752 [1990]). In addition, EPTL 2-1.11 (d) (6) permits an attorney-in-fact to renounce a disposition on behalf of a principal, with court approval.