■ ADB NET CORP., Doing Business as PREFERRED FUNERAL FUNDING CORP., Respondent-Appellant, v COLUMBIAN MUTUAL LIFE INSURANCE COMPANY, Appellant-Respondent. [25 NYS3d 871]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 30, 2015, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) to the extent plaintiff sued as attorney-in-fact for the seven beneficiaries of Columbian's life insurance policies, and denied the motion to the extent plaintiff sued as assignee, and denied plaintiff's cross motion for summary judgment, unanimously affirmed, with costs.

Life insurance proceeds are freely assignable in New York (*see Kramer v Phoenix Life Ins. Co.*, 15 NY3d 539, 551-553 [2010]), where, as here, it is undisputed that the assignment provision contains no restriction on the beneficiary's right to assign. Columbian, which was put on notice of the assignments, chose to disburse the assigned funds to the original beneficiaries, rather than to the beneficiaries' assignee, Preferred. Columbian thus might be obligated to remit the assigned life insurance proceeds to Preferred (*see General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895-896 [3d Dept 1992]), although summary judgment pursuant to CPLR 3211 (c) was properly denied to Preferred, as the case cannot be decided as a matter of law on the present record.

Preferred's claims as attorney-in-fact were properly dismissed. "An attorney in fact is essentially an alter ego of the

principal and is authorized to act with respect to any and all matters on behalf of the principal with the exception of those acts which, by their nature, by public policy, or by contract require personal performance" (*Matter of Perosi v LiGreci*, 98 AD3d 230, 237 [2d Dept 2012]). Since the beneficiaries have already been paid, Preferred is not entitled to receive payment as attorney-in-fact. Concur—Tom, J.P., Andrias, Richter and Kapnick, JJ.